UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JOSE OCHOA, JR.,
    Plaintiff,

v.   Cause No. 3:24-cv-00228

BRADFUTE ENTERPRISES, LLC,
DAVID BRADFUTE, and
KIRBY OPCO, LLC
   d/b/a THE KIRBY COMPANY
   d/b/a READIVAC
   d/b/a KIRBY,
    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT WITH JURY DEMAND

TO THE HONORABLE COURT:

    Plaintiff, Jose Ochoa, Jr. ("Employee Ochoa" or "Plaintiff"), now complains of Defendants, Bradfute Enterprises, LLC ("Employer Bradfute Enterprises"), David Bradfute ("Manager David Bradfute"), and Kirby Opco, LLC d/b/a The Kirby Company, d/b/a READIVAC, d/b/a Kirby ("Employer Kirby Opco") (jointly "Defendants"), and respectfully shows the Court and jury as follows:

### I. PARTIES.

1. Plaintiff Jose Ochoa, Jr. is a natural person residing in El Paso, Texas.

2. Defendant, Bradfute Enterprises, LLC, is a foreign limited liability company organized and existing under the laws of the State of New Mexico, whose principal office is located at c/o David Bradfute, 200 West 1st Street, Ste. 730, Roswell, New Mexico 88203, or 4952 Hondo Pass Drive, El Paso, Texas 79924, and may be served with process by serving the Texas Secretary of State at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, or Service of Process, Secretary of State, James E. Rudder Building, 1019

Brazos, Room 105, Austin, Texas 78701, as its agent for service because Defendant is required to register with the Secretary of State but has not done so, Tex. Bus. Orgs. Code §5.251(1)(A), 5.251(2)(B), and engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas, Tex. Civ. Prac. & Rem. Code §§17.044(a)(1), 17.045.

3. Defendant, David Bradfute, is a natural person who may be served with process at David Bradfute's usual place of business, 4952 Honda Pass Dr., El Paso, Texas 79924, or wherever he may be found.

4. Defendant, Kirby Opco, LLC d/b/a The Kirby Company, d/b/a READIVAC, d/b/a Kirby, is a foreign limited liability company organized and existing under the laws of the State of Delaware, and may be served with process by serving Defendant's registered agent, CT Corporation, at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever it may be found.

## II. JURISDICTION.

5. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

6. This Honorable Court also has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's Texas state law claims because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

## III. FACTS OF THE CASE.

7. Employers MUST never discriminate against employees who are disabled or perceived to be disabled to protect employees from financial losses and emotional harms due to job loss.

8. Employers MUST provide a reasonable accommodation to disabled employees for a known disability, when not an undue burden, to protect employees from physical and emotional harms and financial losses due to job loss.

9. Employers MUST prevent retaliatory job terminations against employees who engage in legally protected conduct, such as reporting a disability or requesting a reasonable accommodation for a disability, to protect employees from financial injuries and emotional trauma.

10. Bradfute Enterprises, LLC and Kirby Opco, LLC d/b/a The Kirby Company, d/b/a READIVAC, d/b/a Kirby are employers.

11. Employers Bradfute Enterprises and Kirby Opco MUST never discriminate against employees who are disabled or perceived to be disabled to protect employees from financial losses and emotional harms due to job loss.

12. Employers Bradfute Enterprises and Kirby Opco MUST provide a reasonable accommodation to disabled employees for a known disability, when not an undue burden, to protect employees from physical and emotional harms and financial losses due to job loss.

13. Employers Bradfute Enterprises and Kirby Opco MUST prevent retaliatory job terminations against employees who engage in legally protected conduct, such as reporting a disability or requesting a reasonable accommodation for a disability, to protect employees from financial injuries and emotional trauma.

14. Employer Kirby Opco exercises control over the hiring and personnel decisions of Employer Bradfute Enterprises which acts as Kirby Opco's distributor, selling Kirby Opco's products -- vacuum cleaners -- on Kirby Opco's behalf through live, in-home sales demonstrations.

15. Employer Bradfute Enterprises employs at least twenty employees in El Paso County, Texas while Employee Opco employs thousands of employees.

16. Employers Bradfute Enterprises and Kirby Opco are joint employers.

17. Joint Employers Bradfute Enterprises and Kirby Opco are agents of one another. Accordingly: Joint Employer Kirby Opco is an agent of Joint Employer Bradfute Enterprises; Joint Employer Bradfute Enterprises is an agent of Joint Employer Kirby Opco.

18. Joint Employers Bradfute Enterprises and Kirby Opco form an integrated enterprise.

19. Joint Employers Bradfute Enterprises and Kirby Opco sign a contractual "Distributor Agreement" where Kirby Opco oversees and controls Bradfute Enterprises' sales operations including determining how Bradfute Enterprises markets and sells Kirby Opco's vacuums, *i.e.*, Kirby Opco requires Bradfute Enterprises to sell the vacuums through in-home sales demonstrations, and regulates how Bradfute Enterprises's employees conduct the in-home sales demonstrations.

20. Manager David Bradfute works for or on behalf of both Bradfute Enterprises and Kirby Opco. Manager David Bradfute oversees and manages Bradfute Enterprises's business operations, and oversees and manages Kirby Opco's business operations through, and control over, Bradfute Enterprises.

21. On or about December 2022, Joint Employer Kirby Opco hires an Employee to work at Joint Employer Bradfute Enterprises as an Outbound Appointment Setter.

22. Joint Employers Bradfute Enterprises and Kirby Opco are aware the Employee is an amputee; Employee's right leg was amputated in September 2017, leaving the Employee in a wheelchair.

23. Specifically, on or about December 2022, Employer Kirby Opco's hiring representative meets with the Employee in an in-person meeting. During the meeting, Kirby Opco's hiring representative tells the Employee that the hiring representative is from Bradfute Enterprises and that the representative came from Minneapolis for the meeting.

24. During the December 2022 in-person meeting, Employer Kirby Opco's hiring representative receives the Employee's oral request for a reasonable accommodation for the Employee's disabilities -- an amputated right leg -- in the form of a wheelchair accessible workplace at Joint Employer Bradfute Enterprises.

25. During the December 2022 in-person meeting, Employer Kirby Opco's hiring representative tells the Employee that Joint Employer Bradfute Enterprises will accommodate the Employee by providing the Employee with a wheelchair accessible workplace.

26. But Kirby Opco's hiring representative knows that this statement is not true, and that Manager David Bradfute -- who oversees and manages Bradfute Enterprises's business operations, and oversees and manages Kirby Opco's business operations through, and control over, Bradfute Enterprises -- will not provide the Employee with a reasonable accommodation or provide a wheelchair accessible workplace at Bradfute Enterprises.

27. Employer Kirby Opco's hiring representative makes this false statement to induce the Employee into accepting a position at Bradfute Enterprises.

28. During the December 2022 in-person meeting, Employer Kirby Opco's hiring representative is aware that the Employee accepts the position with Joint Employer Bradfute Enterprises, acting in reliance on the hiring representative's statement that Bradfute Enterprises will accommodate the Employee and provide the Employee with a wheelchair accessible workplace.

29. In early January 2023, Joint Employer Bradfute Enterprises accepts the Employee onto Joint Employer Bradfute Enterprises's premises located at 4952 Hondo Pass Drive, El Paso, Texas 79924 ("Premises") to begin working for Joint Employer Bradfute Enterprises.

30. However, Joint Employer Bradfute Enterprises and Manager David Bradfute refuse to provide the Employee with a reasonable accommodation or provide a wheelchair accessible workplace at Bradfute Enterprises. Specifically, the doorways of Joint Employer Bradfute Enterprises's Premises are too narrow for the Employee to go through the doorways with the Employee's wheelchair.

31. Joint Employer Bradfute Enterprises and Manager David Bradfute then require the Employee to hop on one leg to get through the doorways, which is dangerous and humiliating.

32. Also, Joint Employer Bradfute Enterprises had lined the walls of Joint Employer Bradfute Enterprises's Premises with vacuum cleaners; it became aware that the vacuum cleaners lining against the wall prevents the Employee from accessing the hallway or the men's restroom and toilet because Employee's wheelchair was obstructed from passing through.

33. The restroom at Joint Employer Bradfute Enterprises's Premises is not too narrow to allow Employee's wheelchair to pass through which prevents the Employee from entering the restroom with the Employee's wheelchair.

34. On January 31, 2023, Joint Employer Bradfute Enterprises is aware that the Employee attempts to use the restroom on Joint Employer Bradfute Enterprises's Premises.

35. On January 31, 2023, Joint Employer Bradfute Enterprises is aware that the Employee cannot enter the restroom with the Employee's wheelchair because Joint Employer Bradfute Enterprises's restroom and doorways are not wheelchair accessible, and Joint Employer

Bradfute Enterprises lines the hallway with vacuum cleaners against the wall which block wheelchair access.

36. On January 31, 2023, Joint Employer Bradfute Enterprises is aware that the Employee enters the restroom by hopping on one leg while placing one hand on the restroom doorframe and one hand on the restroom sink in order to steady himself and maneuver into the restroom because the Employee's right leg was amputated and the restroom is not wheelchair accessible.

37. On January 31, 2023, while the Employee's hand is on the restroom sink, Joint Employer Bradfute Enterprises's restroom sink *breaks off the wall*, causing the Employee, along with the sink, to crash to the ground, causing the Employee terrible injuries. The Employee lands on the floor in a pool of water from the broken sink. The Employee crawls across the wet floor, in front of the other employees, out of the restroom, and pulls himself up into the wheelchair, wet and injured.

38. On January 31, 2023, Joint Employer Bradfute Enterprises Supervisor Brandon LNU receives the Employee's verbal report of the Employee's fall, and that the Employee feels pain in the Employee's back and shoulder. Joint Employer Bradfute Enterprises Supervisor Brandon LNU does not offer to call an ambulance for the Employee, but simply stands there silent while receiving the Employee's report.

39. On February 1, 2023, Joint Employer Bradfute Enterprises is aware that the Employee wakes up to excruciating pain in his right shoulder, and goes to the hospital to seek treatment for the injuries the Employee sustained from the January 31, 2023 fall in Joint Employer Bradfute Enterprises's restroom due to Bradfute Enterprises's refusal to provide the Employee with a reasonable accommodation in the form of a wheelchair accessible workplace.

40. On February 1, 2023, Joint Employer Bradfute Enterprises Supervisor Brandon LNU receives notice that the hospital determines the Employee likely has a torn rotator cuff in his right shoulder, and the hospital is scheduling an MRI to confirm, but releases the Employee to return to work in two days -- February 3, 2023.

41. On February 3, 2023, Joint Employer Bradfute Enterprises Supervisor Brandon LNU receives a phone call from the Employee stating that the Employee arrived to work in the parking lot of Bradfute Enterprises's Premises, but requests a reasonable accommodation in the form of someone lifting the Employee's wheelchair out of the Employee's truck because the Employee can no longer lift the chair out of his truck due to his injuries.

42. Joint Employer Bradfute Enterprises Supervisor Brandon LNU refuses to allow the Employee to return to work, telling the Employee that no one will come help the Employee, and to go home.

43. Beginning on February 3, 2023, and continuing through March 2023, Joint Employer Bradfute Enterprises Supervisor Brandon LNU tells the Employee over the phone and through text messages that Joint Employer Bradfute Enterprises will not allow the Employee to return to work.

44. On March 8, 2023, Joint Employer Bradfute Enterprises Supervisor Brandon LNU receives the Employee's notice that the Employee has received a prosthetic leg, no longer requires a wheelchair, and is able to return to work.

45. On March 14 and 22, 2023, Joint Employer Bradfute Enterprises Supervisor Brandon LNU tells the Employee over the phone that Joint Employer Bradfute Enterprises will not allow the Employee to return to work, that the Employee should "look elsewhere", and that there are "no hard feelings".

46. That Employee is Jose Ochoa, Jr.

## IV. CAUSES OF ACTION.

### A. Disability Discrimination and Retaliation

47. Plaintiff was discriminated, retaliated against, and fired in violation of the Texas Commission on Human Rights Act, codified at Texas Labor Code Chapter 21, and the Americans with Disabilities Act, as amended, which protect disabled employees from discrimination and retaliation.

48. All conditions precedent to the filing of this action have occurred or have been fulfilled.

### B. Fraud

49. Defendants Employer Kirby Opco, Manager David Bradfute, and Employer Bradfute Enterprises fraudulently induced Plaintiff to accept the position at Bradfute Enterprises by falsely stating and promising that Defendants will accommodate Plaintiff and provide Plaintiff with a wheelchair accessible workplace.

50. Defendants intended for Plaintiff to rely on Defendants' false statement and promise when accepting the job offer of the position at Bradfute Enterprises.

51. Defendants were aware Plaintiff relied on Defendants' false statement and promise when accepting the job offer of the position at Bradfute Enterprises.

## V. PARTICIPATORY AND VICARIOUS LIABILITY.

### A. Conspiracy

52. Defendants Employer Kirby Opco, Manager David Bradfute, and Employer Bradfute Enterprises, in combination with one another, agreed to (a) discriminate against Plaintiff for having a disability or for being regarded as having a disability, (b) retaliate against Plaintiff for requesting a reasonable accommodation, and (c) fraudulently induce Plaintiff to accept the

position at Bradfute Enterprises by falsely stating and promising that Defendants will accommodate Plaintiff and provide Plaintiff with a wheelchair accessible workplace.

53. Defendants acted with the intent to harm Plaintiff.

54. Defendants proximately harmed Plaintiff by acting on their agreement through Defendants' discrimination, retaliation, and conduct against Plaintiff, as described above.

### B. Joint Enterprise

55. Joint Employers Bradfute Enterprises and Kirby Opco are each liable for the acts of the other because, at the time of the events complained of in this pleading, Bradfute Enterprises and Kirby Opco were engaged in a joint enterprise. Defendants Bradfute Enterprises and Kirby Opco had a common purpose, a community of pecuniary interest in that common purpose, and an equal right to direct and control the enterprise. Specifically, Joint Employers Bradfute Enterprises and Kirby Opco signed a contractual "Distributor Agreement" where Kirby Opco oversees and controls Bradfute Enterprises' sales operations including determining how Bradfute Enterprises markets and sells Kirby Opco's vacuums, *i.e.*, Kirby Opco requires Bradfute Enterprises to sell the vacuums through in-home sales demonstrations, and regulates how Bradfute Enterprises's employees conduct the in-home sales demonstrations.

56. At the time of the events complained of in this pleading, Defendants Joint Employers Bradfute Enterprises and Kirby Opco acted within the scope of the enterprise when Defendants (a) discriminated against Plaintiff for having a disability or for being regarded as having a disability, (b) retaliated against Plaintiff for requesting a reasonable accommodation, and (c) fraudulently induced Plaintiff to accept the position at Bradfute Enterprises by falsely stating and promising that Defendants will accommodate Plaintiff and provide Plaintiff with a wheelchair accessible workplace.

### C. <u>Agency</u>

57. At the time of the events complained of in this pleading, Defendants Employer Kirby Opco, Manager David Bradfute, and Employer Bradfute Enterprises are agents of one another because each Defendant intentionally granted the others the authority to act of each Defendant's behalf, as follows:

    a. Employer Kirby Opco exercises control over the hiring and personnel decisions of Employer Bradfute Enterprises which acts as Kirby Opco's distributor, selling Kirby Opco's products -- vacuum cleaners -- on Kirby Opco's behalf through live, in-home sales demonstrations;

    b. Joint Employers Bradfute Enterprises and Kirby Opco sign a contractual "Distributor Agreement" where Kirby Opco oversees and controls Bradfute Enterprises' sales operations including determining how Bradfute Enterprises markets and sells Kirby Opco's vacuums, i.e., Kirby Opco requires Bradfute Enterprises to sell the vacuums through in-home sales demonstrations, and regulates how Bradfute Enterprises's employees conduct the in-home sales demonstrations; and

    c. Manager David Bradfute works for or on behalf of both Bradfute Enterprises and Kirby Opco. Manager David Bradfute oversees and manages Bradfute Enterprises's business operations, and oversees and manages Kirby Opco's business operations through, and control over, Bradfute Enterprises.

58. At the time of the events complained of in this pleading, Defendants Employer Kirby Opco, Manager David Bradfute, and Employer Bradfute Enterprises acted within the scope of the enterprise when Defendants (a) discriminated against Plaintiff for having a disability or for being regarded as having a disability, (b) retaliated against Plaintiff for requesting a reasonable accommodation, and (c) fraudulently induced Plaintiff to accept the position at Bradfute Enterprises by falsely stating and promising that Defendants will accommodate Plaintiff and provide Plaintiff with a wheelchair accessible workplace.

### VI. NOTICE OF RIGHT TO FILE A CIVIL ACTION.

59. Attached as Exhibit A is the EEOC Right to Sue for Plaintiff.

## VII. DAMAGES.

60. As a direct and proximate result of Defendants' discrimination, retaliation, and conduct against Plaintiff, as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include, in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VIII. EXEMPLARY DAMAGES.

61. Plaintiff is entitled to recover punitive damages against Defendants because (a) Defendants acted with malice, or, at least, with reckless and/or conscious indifference to Plaintiff's state-protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 21.2585, and the American's with Disabilities Act, all as amended; (b) Defendants acted with actual malice as the term is defined under Texas Civil Practice and Remedies Code, Chapter 41; and (c) Plaintiff's damages are the result of Defendants' fraud.

## IX. JURY DEMAND.

62. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## X. ATTORNEYS' FEES AND COSTS.

63. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under the ADA and the Texas Labor Code, including any applicable expert fees.

## XI. COURT COSTS.

64. Plaintiff is entitled to recover Plaintiff's court costs.

## XII. PRAYER.

Plaintiff prays that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants, jointly and severally, for the following: statutory damages, and actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney fees and expert fees, court costs and all costs of suit and such other and further relief to which Plaintiff may show himself to be justly entitled, in law and in equity.

SIGNED on July 5, 2024.

                                      Respectfully submitted,

                                      **Chavez Law Firm**
                                      2101 N. Stanton Street
                                      El Paso, Texas 79902
                                      (915) 351-7772

By:    /s/Enrique Chavez, Jr.
        Enrique Chavez, Jr., State Bar No. 24001873
        enriquechavezjr@chavezlawpc.com
        Michael R. Anderson, State Bar No. 24087103
        manderson@chavezlawpc.com
        Michael M. Osterberg, State Bar No. 24108991
        mikeosterberg@chavezlawpc.com
        *Attorneys for Plaintiff*