# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| JOSE OCHOA, JR., <br><br> Plaintiff, <br><br> v. <br><br> BRADFUTE ENTERPRISES, LLC, DAVID BRADFUTE, and KIRBY OPCO, LLC <br><br> Defendants. | Case No. 3:24-cv-00228-KC <br><br> District Judge Kathleen Cardone <br><br> Magistrate Judge Torres |

**DEFENDANT KIRBY OPCO, LLC'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF ISSUES ................................................................................................... 1

I.  INTRODUCTION ..................................................................................................... 2

II. FACTUAL & PROCEDURAL BACKGROUND .................................................... 3

III. ARGUMENT ............................................................................................................. 6

    A.  Legal Standard ............................................................................................... 6

    B.  Plaintiff failed to properly exhaust his administrative remedies against Kirby with respect to his statutory claims. ....................................... 7

    C.  Even if Plaintiff had properly exhausted his administrative remedies, his claims should still be dismissed because he fails to plausibly allege sufficient facts to demonstrate that Kirby is Plaintiff's joint employer .................................................................................. 8

    D.  Plaintiff fails to state a plausible claim for relief for his fraud claim ......... 11

IV. CONCLUSION ....................................................................................................... 12

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arif v. Bashir*,
　No. 4:20-CV-2704, 2021 WL 1147582 (S.D. Tex. Mar. 10, 2021)..........................................8

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)................................................................................................................6

*Blakley v. Golabs, Inc.*,
　No. 2022 WL 3720141 (N.D. Tex. July 8, 2022) ................................................................9, 10

*Bunker v. Dow Chem. Co.*,
　No. 24-20046, 2024 WL 3680804 (5th Cir. Aug. 7, 2024).....................................................7

*Bustos v. United Parcel Serv., Inc.*,
　No. CV H-19-2979, 2020 WL 2529384 (S.D. Tex. Apr. 29, 2020) ......................................7

*Griffin v. Amazon Inc.*,
　No. 1:24-CV-00630-RP-SH, 2024 WL 3466805 (W.D. Tex. July 19, 2024)........................7

*Guardino v. Hart*,
　No. 22-20278, 2023 WL 3818378 (5th Cir. June 5, 2023) ..................................................12

*Haynes v. Kirby Co.*,
　78 F.3d 584 (6th Cir. 1996) ...............................................................................................10, 11

*Joaquin v. Coliseum Inc.*,
　No. A-15-CV-787-LY, No. 2016 WL 3906820 (W.D. Tex. July 13, 2016) ..........................9

*Johnson v. Scott Fetzer Company*,
　124 S.W.3d 257, 261–63 (Tex. App. 2003) ........................................................................9, 10

*Jun Xiang Liu v. Nationstar Mortg.*,
　No. CV H-15-03637, 2016 WL 8457162 (S.D. Tex. Aug. 11, 2016)...................................12

*Ledesma v. Allstate Ins. Co.*,
　68 S.W.3d 765 (Tex. App. 2001) ..........................................................................................8

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) ................................................................................................7

*Longoria v. Via Metro. Transit*,
    2022 WL 1445396 (W.D. Tex. May 6, 2022) ........................................................................8

*Mateo v. TA HSIN, INC.*,
    No. 7:19-CV-419, 2021 WL 3931915 (S.D. Tex. Feb. 10, 2021) ...........................................4

*Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*,
    620 F.3d 465 (5th Cir. 2010) ..............................................................................................11

*Sw. Convenience Stores, LLC v. Mora*,
    560 S.W.3d 392 (Tex. App. 2018) ........................................................................................7

*Ultimate Appliance CC v. The Kirby Co.*, 1:07-CV-00024, 2008 WL 11404221
    (N.D. Ohio Sept. 30, 2008) ................................................................................................10

*Vielma v. Eureka Co.*,
    218 F.3d 458 (5th Cir. 2000) ................................................................................................8

*Welch v. Wells Fargo Bank, N.A.*,
    No. CV H-12-1468, 2012 WL 13047695 (S.D. Tex. Dec. 17, 2012) ................................6, 7

**Statutes**

Tex. Lab. Code § 21.001 *et seq.* .....................................................................................................5

## STATEMENT OF ISSUES

1. Whether Plaintiff properly exhausted his administrative remedies against Kirby with respect to his statutory claims.

2. Whether Plaintiff plausibly alleged sufficient facts to demonstrate that Kirby is Plaintiff's joint-employer, as required by Federal Rule of Civil Procedure 12(b)(6).

3. Whether Plaintiff plausibly alleged "with particularity" sufficient facts to support his fraud claim against Kirby, as required by Federal Rule of Civil Procedure 9(b).

## I. INTRODUCTION

Plaintiff Jose Ochoa, Jr. ("Plaintiff") does not have a good faith basis for asserting any claims against named Defendant Kirby Opco, LLC ("Kirby"), and all claims related to Kirby should be dismissed. For starters, Kirby has never been Plaintiff's "joint employer." Kirby manufactures American-made home cleaning systems and related products and accessories. The one-hundred-and-ten-year-old manufacturer primarily sells its products to hundreds of independent distributors, which purchase Kirby's products and resell those products to their own customers. Bradfute Enterprises, LLC ("Bradfute Enterprises") is one of Kirby's independent distributors, and Plaintiff briefly performed services for Bradfute Enterprises. Essentially, Plaintiff claims that Kirby was his joint employer based on nothing more than the supplier-retailer relationship between Kirby and Bradfute Enterprises.

Plaintiff's allegations do not give rise to a plausible inference that Kirby was Plaintiff's joint employer merely because Plaintiff performed services for one of Kirby's many independent distributors. To the contrary, both the Distributor Agreement between Kirby and Bradfute Enterprises (referenced in the Complaint) and prior caselaw (ignored by Plaintiff) confirm that Kirby does not employ individuals like Plaintiff who perform services for one of Kirby's independent distributors. Because Plaintiff cannot plausibly allege that he had an employment relationship with Kirby, Plaintiff's statutory claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Even if Plaintiff could plausibly allege that Kirby was his joint employer (which he cannot), Plaintiff's claims against Kirby should still be dismissed because he did not properly exhaust his administrative remedies vis-à-vis Kirby. Plaintiff's administrative charge before the Equal Opportunity Employment Commission ("EEOC") does not mention Kirby nor any other "employer" besides Bradfute Enterprises. Likewise, Plaintiff did not attach a right to sue letter from the Texas Workforce Commission ("TWC"), nor even allege that he received such a letter. Plaintiff's failure to exhaust his administrative remedies thus provides a second, independent basis for dismissing his statutory claims against Kirby.

Finally, Plaintiff has not attempted to plead his fraud claim with particularity, as he is required to do under Federal Rule of Civil Procedure 9(b). Plaintiff's allegations of fraud consist of three conclusory paragraphs that simply restate the elements of the claim and are thus insufficient to meet his heightened burden under Rule 9(b).

For all of these reasons and those explained further below, Kirby respectfully moves to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Furthermore, because the deficiencies in Plaintiff's Complaint cannot be cured, Kirby asks the Court to dismiss the claims against Kirby with prejudice.

## II.   FACTUAL & PROCEDURAL BACKGROUND

Kirby is a limited liability company organized under Delaware law. (Compl. ¶ 4.) Kirby manufactures and assembles, primarily in Andrews, Texas, its home cleaning

3

systems and related products and accessories that it sells to consumers and to hundreds of independent distributors scattered across the United States and the world. (*Id.* ¶¶ 14, 19.)[1] According to the Complaint, Bradfute Enterprises is a limited liability company organized under New Mexico law, and David Bradfute manages and controls Bradfute Enterprises. (*Id.* ¶¶ 2, 26.)

Kirby and Bradfute Enterprises entered into a Distributor Agreement in December 2021. (*Id.* ¶ 19; Exhibit 1, Distributor Agreement.)[2] The Distributor Agreement authorizes Bradfute Enterprises to purchase vacuum-related products from Kirby, which are intended for resale to Bradfute Enterprises' customers. (Ex. 1 at 1.) The Distributor Agreement clearly states that Bradfute Enterprises is an independent distributor and that nothing in the Distributor Agreement creates a "relationship of employer and employee; principal and agent; partners; or any other relationship other than that of independent parties contracting with each other for the purpose of carrying out the provisions of the Distributor Agreement." (Ex. 1 at 2.) The Distributor Agreement also makes clear that

---

[1] *See* https://www.kirby.com/find-a-kirby-distributor/ (listing Bradfute Enterprises as one of eight "authorized independent Kirby Distributor[s]" within 25 miles of the federal courthouse in El Paso). The Court may take judicial notice of Kirby's website. *See* Fed. R. Evid. § 201(b); *Mateo v. TA HSIN, INC.*, No. 7:19-CV-419, 2021 WL 3931915, at *10 (S.D. Tex. Feb. 10, 2021) (taking judicial notice of company's website and collecting cases for proposition that "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web").

[2] Kirby attaches as Exhibit 1 a true and accurate copy of the portions of the Distributor Agreement that define the relationship between Kirby and Bradfute Enterprises. Kirby has not filed the rest of the Distributor Agreement on the public docket because the Distributor Agreement contains confidential information not relevant to the present dispute. If the Court so directs, however, Kirby will file the full Distributor Agreement under seal or submit it to the Court's chambers for *in camera* review.

Bradfute Enterprises' employees and contractors are not eligible for Kirby benefits, wages, health insurance, retirement plans, or stock option plans. (*Id.*) Likewise, the Distributor Agreement dictates that Kirby shall not exercise control over the selection of Bradfute Enterprises' customers, employees and contractors, agents, or representatives. (*Id.*) Ultimately, Bradfute Enterprises is "responsible for directing and controlling the performance of the task and the scope of work in accordance with the terms and conditions of [the]Agreement" and is prohibited from transacting business for Kirby or binding Kirby in any way (*Id.* at 2–3.)

Plaintiff contends that he worked Bradfute Enterprises as an outbound appointment setter from December 2022 to March 2023 (Compl. ¶¶ 23, 45.)[3] He contends he was "fraudulently induced" to work for Bradfute Enterprises and that he suffered disability-related discrimination and retaliation during his engagement with Bradfute Enterprises. (*Id.* ¶¶ 47–58.)

In July 2023, Plaintiff filed a charge of discrimination with the EEOC and TWC, naming as his employer "Bradfute Enterprises, LLC," of "4952 Hondo Pass Drive, El Paso TX 79924." (Exhibit 2, Pl.'s EEOC Charge.) The charge did not assert that Plaintiff had any other employers. (*Id.*) It certainly did not identify Kirby or David Bradfute as Plaintiff's joint employers along with Bradfute Enterprises.

---

[3] Many of the allegations in the Complaint are, in fact, untrue.

5

In its position statement, Bradfute Enterprises denied Plaintiff's allegations and pointed out that the Texas Commission on Human Rights Act, Tex. Lab. Code. § 21.001 *et seq.* ("TCHRA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), do not apply to Bradfute Enterprises because it did not have at least 15 employees, as required to trigger protection under those laws. (Exhibit 3, Bradfute Enterprises Position Statement.) The EEOC dismissed Plaintiff's charge and issued a notice of right to sue after agreeing with Bradfute Enterprises that it "employs less than the required number of employees or is not covered by the laws enforced by the EEOC." (Dkt. 1-2 at 2.)

Plaintiff subsequently filed this lawsuit against Bradfute Enterprises, David Bradfute, and Kirby. He attached to the Complaint a copy of the right to sue notice from the EEOC but not any right to sue notice from the TWC. Likewise, the Complaint does not allege that Plaintiff filed administrative charges naming Kirby or David Bradfute as his employers.

## III. ARGUMENT

### A. Legal Standard

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Welch v. Wells Fargo Bank, N.A.*, No. CV H-12-1468, 2012 WL 13047695, at *2 (S.D. Tex. Dec. 17, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In ruling on a motion to dismiss, the Court must "assume[ ] all well-pleaded facts contained in the complaint are true." *Welch*, 2012 WL 13047695, at *2. "The Court will, not, however 'accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010)). Additionally, a court ruling on a motion to dismiss may "review documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B.    Plaintiff failed to properly exhaust his administrative remedies against Kirby with respect to his statutory claims.

An employee (which Plaintiff was not) must generally exhaust their administrative remedies prior to filing a civil lawsuit under either the ADA or TCHRA. *See Bunker v. Dow Chem. Co.*, 24-20046, 2024 WL 3680804, at *2 (5th Cir. Aug. 7, 2024); *Griffin v. Amazon Inc.*, No. 1:24-CV-00630-RP-SH, 2024 WL 3466805, at *3 (W.D. Tex. July 19, 2024); *Sw. Convenience Stores, LLC v. Mora*, 560 S.W.3d 392, 400 (Tex. App. 2018). Here, nothing in Plaintiff's administrative charge even hints that he intended to assert claims against Kirby, the company from which Bradfute Enterprises simply buys its products.[4] In fact, Kirby is never mentioned in Plaintiff's administrative charge. As such, Plaintiff's

---

[4] Since an employee's administrative charge is central to his claim, a court may consider a charge attached to a defendant's motion to dismiss without converting the motion to one for summary judgment. *See Bustos v. United Parcel Serv., Inc.*, No. CV H-19-2979, 2020 WL 2529384, at *3 (S.D. Tex. Apr. 29, 2020), *report and recommendation adopted*, No. CV H-19-2979, 2020 WL 2528540 (S.D. Tex. May 18, 2020).

7

alleged exhaustion of his administrative remedies with respect to Bradfute Enterprises did nothing to exhaust his administrative remedies with respect to Kirby.

Additionally, Plaintiff has not alleged — much less submitted evidence to show — that he received a right-to-sue letter from the TWC. That is a conspicuous omission given that Plaintiff did attach to his Complaint a right-to-sue letter from the EEOC.

Courts have repeatedly held that a right-to-sue letter from the EEOC does not substitute for a right-to-sue letter from the TWC. *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000); *Longoria v. Via Metro. Transit*, 2022 WL 1445396, at *6 (W.D. Tex. May 6, 2022); *Ledesma v. Allstate Ins. Co.*, 68 S.W.3d 765, 771 (Tex. App. 2001). Without a right-to-sue letter from the TWC, Plaintiff's TCHRA claim is not exhausted and must be dismissed. *See Longoria*, 2022 WL 1445396, at *6.

### C. Even if Plaintiff had properly exhausted his administrative remedies, his claims should still be dismissed because he fails to plausibly allege sufficient facts to demonstrate that Kirby is Plaintiff's joint employer

In addition to failing to exhaust his administrative remedies with respect to Kirby, Plaintiff has failed to plausibly allege that Kirby was his joint employer. Plaintiff has done nothing more than make conclusory allegations in support his claims. "[F]or purposes of [a] motion to dismiss, the Court need not accept as true Plaintiff's conclusory allegations regarding Defendants' legal status as joint employers." *Arif v. Bashir*, 4:20-CV-2704, 2021 WL 1147582, at *5 (S.D. Tex. Mar. 10, 2021), *report and recommendation adopted*, 4:20-CV-2704, 2021 WL 1143776 (S.D. Tex. Mar. 25, 2021). Even "[a]llegations of common

ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees." *Joaquin v. Coliseum Inc.*, No. A-15-CV-787-LY, No. 2016 WL 3906820, at *8 (W.D. Tex. July 13, 2016) (report and recommendation) (cleaned up), *adopted sub nom. Joaquin v. Hinojosa*, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016).

Conclusory statements that Kirby manufactured the items Bradfute Enterprises sold and allegedly maintained some unspecified level of control over Bradfute Enterprises' operations are insufficient to give rise to a plausible inference that Kirby was Plaintiff's employer for purposes of his ADA and TCHRA claims. *See Blakley v. Golabs, Inc.*, 2022 WL 3720141, at *10 (N.D. Tex. July 8, 2022), *report and recommendation adopted*, 2022 WL 3718510 (N.D. Tex. Aug. 29, 2022). As acknowledged in the Complaint, Kirby and Bradfute Enterprises are separate legal entities with separate management serving two very different roles in the market.

Worse, the very Distributor Agreement Plaintiff points to as evidence of Kirby's "control" over Bradfute Enterprises makes clear that Kirby has a supplier-retailer relationship with its independent distributors and that Kirby **does not** have the right to control Bradfute Enterprises' employees, contractors, or operations. (Ex. 1 at 2.)

Indeed, multiple courts have rejected Plaintiff's theory that individuals affiliated with Kirby's independent distributors are employees of Kirby. In *Johnson v. Scott Fetzer Company*, a salesperson or "dealer" affiliated with an independent Kirby distributor

9

brought Title VII and TCHRA claims against Kirby based on sexual harassment the dealer allegedly experienced at the hands of another individual affiliated with that independent distributor. 124 S.W.3d 257, 261–63 (Tex. App. 2003). In rejecting the plaintiff's theory that Kirby was the plaintiff's joint employer, the appellate court determined that Kirby did not have the right to hire and fire dealers, the right to supervise the plaintiff, or the right to set the plaintiff's work schedule. *Id.* Although Kirby maintained some control over how its products are to be sold (similar to other manufacturers and suppliers of product), that limited control did not make Kirby the plaintiff's employer. *Id.* at 264. The Court ultimately concluded that the plaintiff's relationship with Kirby did not meet "any of the economic realities/common law control factors" for joint employment. *Id.*; *see also Haynes v. Kirby Co.*, 78 F.3d 584 (6th Cir. 1996) (holding that evidence Kirby "demanded compliance with an extensive Kirby policy framework" would not suffice to demonstrate Kirby was independent distributor's employer).

*Ultimate Appliance CC v. The Kirby Co.* is also instructive. 1:07-CV-00024, 2008 WL 11404221, at *8 (N.D. Ohio Sept. 30, 2008). The plaintiff in that case was an independent distributor who alleged that the owner of the company should be considered a Kirby employee for purposes of certain state employment laws because "Kirby demanded compliance with a detailed policy framework and … exercised some degree of control over [the independent distributor]'s hiring and firing practices." *Id.* In granting Kirby's motion to dismiss, the court held that these facts "even if true, would not be enough to

10

convert the relationship into one of employer/employee." *Id.* If distributors are not employees of Kirby, it goes without saying that those engaged to provide services for those distributors are not employees of Kirby.

As the Distributor Agreement makes crystal clear, Bradfute Enterprises' employees and contractors are not Kirby's employees. Bradfute Enterprises' employees are not eligible for Kirby benefits, wages, health insurance, retirement plans, or stock option plans. (Ex. 1 at 2.) Kirby also cannot and does not control the selection of Bradfute Enterprises' employees and contractors. (*Id.*) Bradfute Enterprises is "ultimately responsible for directing and controlling the performance of the task and the scope of work in accordance with the terms and conditions of [the] Agreement." (*Id.* at 2.)

Furthermore, none of the allegations in Plaintiff's Complaint suggest that the economic realities of Plaintiff's relationship with Bradfute Enterprises were anything other than as described in the Distributor Agreement. Plaintiff's Complaint is void of such allegations because Plaintiff never was an employee of Kirby.

**D.      Plaintiff fails to state a plausible claim for relief for his fraud claim.**

To state a claim of fraud "under Texas law, a plaintiff must sufficiently allege (1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Additionally, "allegations of fraud must meet Rule 9(b)'s

11

heightened pleading standard, which requires a plaintiff to "state with particularity the circumstances constituting fraud." *Guardino v. Hart*, No. 22-20278, 2023 WL 3818378, at *2 (5th Cir. June 5, 2023) (citing Fed. R. Civ. P. 9(b)). In other words, the Plaintiff must state the "the who, what, when, where, and how" of the fraud claim. *Jun Xiang Liu v. Nationstar Mortg.*, No. CV H-15-03637, 2016 WL 8457162, at *2 (S.D. Tex. Aug. 11, 2016), *report and recommendation adopted*, No. 4:15-CV-03637, 2016 WL 8457374 (S.D. Tex. Aug. 15, 2016). This requires the plaintiff to "set forth *specific facts* supporting an inference of fraud[,] such as identify[ing] circumstances that indicate conscious behavior on the part of the defendant." *Id.* (cleaned up).

Plaintiff has not made this showing. Instead, Plaintiff simple restates the elements of fraud and makes conclusory statements that Kirby, along with the two other defendants, somehow committed "fraud" by offering Plaintiff an opportunity. Plaintiff does not even bother to distinguish Kirby's conduct from that of the other two defendants, and Plaintiff does not state any facts supporting an inference of fraud. Plaintiff has fallen far short of satisfying the heightened pleading standard for stating a claim for fraud.

## IV.   CONCLUSION

Plaintiff cannot cure the deficiencies within his Complaint, for the reasons stated above. Thus, Kirby respectfully requests that the Court dismiss Plaintiff's claims against Kirby with prejudice and grant such further relief this Court deems necessary and just.

Dated: August 22, 2024

Respectfully submitted,

KIRBY OPCO, LLC

_____
Andrew S. Murphy (#24080244)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Phone: (312) 527-4000
Fax: (312) 527-4011
amurphy@taftlaw.com

*Counsel for Defendant Kirby Opco, LLC*

13

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: August 22, 2024

_____
Andrew S. Murphy

*Counsel for Defendant Kirby Opco, LLC*