# EXHIBIT 3

meyers roman

Meyers, Roman, Friedberg & Lewis · A Legal Professional Association

Eton Tower
29001 Chagrin Blvd., Suite 600
Cleveland, Ohio 44122

phone: 216.831.0042
fax: 216.831.0542
www.meyersroman.com

Steven L. Baden, Esq.                                              sbaden@meyersroman.com

October 30, 2023

Submitted through EEOC Respondent Portal and
By Email (elpasopublic@eeoc.gov)

Equal Employment Opportunity Commission
Texas Workforce Commission, Civil Rights Division
El Paso Area Office
100 N. Stanton Street, Suite 600
El Paso, TX 79901

Re:   *Jose Ochoa, Jr. v Bradfute Enterprises, LLC*
      **EEOC Charge No. 453-2023-01414**

## RESPONDENT'S POSITION STATEMENT

Dear El Paso Area Office:

    We represent Bradfute Enterprises, LLC ("Respondent" or the "Company") in the above-referenced matter. This letter, along with the attached exhibit, constitute the position statement in response to the charge of discrimination and retaliation filed by Jose Ochoa, Jr. ("Charging Party") with the Equal Employment Opportunity Commission, Texas Workforce Commission, Civil Rights Division El Paso Area Office. The Company does not engage in any illegal discrimination, retaliation, or any unlawful conduct against any of its employees and specifically denies that Charging Party was discriminated and/or retaliated against in any manner.

    The Company has been in business for over 20 years and is a leading distributor of Kirby vacuum cleaners and related cleaning products. In the past year, Company has had no more than two (2) employees at its only place of business located at 4952 Hondo Pass Dr.,

El Paso, TX 79924. See attached employment records evidencing the Company's correct number of employees. The relevant state and federal law only apply to businesses with fifteen (15) or more employees. Because the Company has had only two (2) employees, the law cited by the Charging Party is inapplicable as to the Company. Further, Charging Party recklessly and falsely asserts the Company has over 100 employees. It does not and never has had 15 or more employees at any relevant time, let alone over 100 employees. This assertion by the Charging Party is blatantly false as are the other claims of discrimination and retaliation. As such, the Charging Party's claim must be dismissed pursuant to both the state and federal law under which the Charging Party filed his claim.

All actions taken by Company were for legitimate, non-discriminatory reasons. Charging Party's employment was terminated by the Company a few weeks thereafter for lack of work. There is absolutely no basis to conclude that Charging Party's disability status was a factor in the decision to terminate his employment. Nor is there any evidence of retaliation against Charging Party. For all of the foregoing reasons, the charge must be dismissed. The Company reserves the right to supplement this position statement as needed during the investigation of the charge.

### The Charge Allegations.

Charging Party alleges that he requested accommodations. This allegation is false and there is no evidence to support the allegation. Charging Party cannot rely on naked self-serving allegations where this isn't a shred of evidence. The reason there is no such evidence is because it never happened as claimed by the Charging Party.

As detailed below, the Charging Party is wrong about the facts and has falsely misrepresented and ignored the facts that led to his termination. There is no evidence to support Charging Party's claim. On the contrary, Respondent acted responsibly and appropriately in terminating Charging Party based upon lack of work.

### Respondent's Commitment to Non-Discrimination.

One of the Company's core values is its policy of non-discrimination in employment. The Company bases all employment decisions on the individual's merit, qualifications, and abilities. The Company provides equal employment opportunities for all employees and applicants and does not discriminate on the basis of race, color, national origin, ancestry, sex, religion, creed, age, gender, mental or physical disability, veteran status, medical condition (including pregnancy, childbirth and related medical conditions), marital status, sexual orientation, genetic characteristics, or any other considerations based on applicable law, and the Company does not retaliate against any employee for raising any complaint or engaging in any protected activity.

The Company is also committed to maintaining a work environment free of unlawful harassment and follows a "zero tolerance" policy against all forms of discrimination.

{01813740}

Based on all of the foregoing, the Commission must dismiss the charge and enter a finding of no probable cause. Charging Party falsely claimed, among several claims, that Company has over 100 employees when in fact it only had 2 employees at all relevant times. Charging Party's employment was terminated because of a lack of work and not because of any form of discrimination or retaliation. Charging Party's disability status was not a factor in the termination decision, and there is no evidence of any discriminatory motive or animus. Nor is there any evidence that Charging Party was retaliated against in any way.

The Company reserves the right to supplement this position statement with additional evidence if necessary. Please contact me if you need any further information to assist in your investigation.

Very truly yours,

Steven L. Baden

{01813740}