UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JOSE OCHOA, JR.,
      Plaintiff,

v.                                                            Cause No. 3:24-cv-00228-KC

BRADFUTE ENTERPRISES, LLC,
DAVID BRADFUTE, and
KIRBY OPCO, LLC
    d/b/a THE KIRBY COMPANY
    d/b/a READIVAC
    d/b/a KIRBY,
      Defendants.

## PLAINTIFF'S RESPONSE TO
## DEFENDANT KIRBY OPCO, LLC'S MOTION TO DISMISS

## ISSUE PRESENTED

1. Under federal law, a plaintiff is entitled to offer evidence supporting any claim the plaintiff provides notice of in the plaintiff's complaint. Plaintiff Jose Ochoa filed a complaint notifying Kirby Opco, LLC of Ochoa's claims for disability discrimination, illegal retaliation, and fraud. Kirby Opco now asks the Court to prevent Mr. Ochoa from offering any evidence to support the claims. Under federal law, should the Court prevent Mr. Ochoa from offering evidence?

# TABLE OF CONTENTS

Issue Presented.........................................................................................................................ii

Table of Authorities ................................................................................................................v

Authority................................................................................................................................ 1

I.    When deciding a motion to dismiss, the Court evaluates the plaintiff's complaint through a fair notice standard, accepting as true all facts alleged in the complaint, and making all inferences in the plaintiff's favor. .................................................................................... 1

II.    A defendant may not use a motion to dismiss to resolve the defendant's denial that the plaintiff fulfilled a condition precedent, including the timely filing of a Charge of Discrimination with the EEOC. ......................................................................................... 2

III.    Attaching evidence to a motion to dismiss for alleged failure to state a claim converts the motion to dismiss into a motion for summary judgment, and the Court may not grant the motion until an adequate time for discovery has passed. ................................................. 3

Argument ............................................................................................................................... 5

I.    The Court should delay deciding Defendant's motion for summary judgment until Plaintiff has an adequate time to conduct discovery....................................................... 5

    A.    Defendant converts its motion to dismiss into a motion for summary judgment by attaching evidence from outside the pleadings. ............................................... 5

    B.    Plaintiff requires discovery to rebut Defendant's proffered documents and factual allegations. .................................................................................................... 5

II.    The Court should deny Defendant's Motion because Plaintiff's averment of having fulfilled all conditions precedent to the filing of Plaintiff's claims satisfies the pleading requirements as a matter of law....................................................................................... 6

    A.    Plaintiff generally averred that Plaintiff fulfilled a condition precedent, which satisfies the pleading requirements. ................................................................... 6

    B.    Defendant may not use a motion to dismiss to resolve Defendant's denial that Plaintiff fulfilled a condition precedent, including the timely filing of a Charge of Discrimination with the EEOC. ........................................................................ 7

III.    The Court should deny Defendant's Motion because, under the fair notice standard, the Complaint contains sufficient facts to draw a reasonable inference on liability based on Defendant Kirby's joint employer or agent status........................................................... 7

    A.    Plaintiff's Complaint pleads factual allegations sufficient to create an inference that Defendant Kirby is a joint employer because Kirby hires Plaintiff, controls Plaintiff's conduct, and terminates Plaintiff. ...................................................... 8

        1.    Plaintiff pleads that Kirby hires Plaintiff. .................................................... 8

        2.    Plaintiff pleads that Kirby controls Plaintiff's work activities........................ 9

        3.    Plaintiff's Complaint infers that Kirby terminates Plaintiff......................... 10

    B.    Plaintiff's Complaint pleads factual allegations sufficient to create an inference that Kirby and Bradfute Enterprises form an "integrated enterprise" because Kirby controls Bradfute's employment practices and business operations...... 11

        1.   Plaintiff pleads that Kirby controls Bradfute's employment practices because Kirby hires and fires Plaintiff. .................................................................. 11

        2.   Plaintiff pleads that Kirby controls Bradfute's business operations because Kirby and Bradfute have the same management. ..................................... 11

        3.   Plaintiff pleads, and the Texas Supreme Court agrees, that Kirby controls Bradfute's business operations because Kirby controls how and where Bradfute Enterprises conducts its sales....................................................... 12

    C.    Defendant does not contest Plaintiff's pleading that Defendant is liable based on Defendant's agency status. ................................................................................ 15

IV.   The Court should deny Defendant's Motion because the Complaint contains sufficient facts to draw a reasonable inference on liability for fraud............................................ 16

    A.    The Complaint identifies specific statements Defendant made to Plaintiff, by and through Defendant's hiring representative, falsely stating Defendants would provide Plaintiff with a wheelchair accessible workplace. ................................. 16

    B.    The false statements are fraudulent because Defendant intended for Plaintiff to rely on the statements when accepting the employment offer. ......................... 17

    C.    Defendant's fraudulent statement causes Plaintiff injury because Defendants did not provide a wheelchair accessible workplace. ................................................. 18

V.    Should the Court grant Defendant's Motion, the Court should give Plaintiff leave to amend the Complaint. .......................................................................................... 19

VI.   Conclusion and Prayer. ........................................................................................... 19

Certificate of Service ........................................................................................................ 21

TABLE OF AUTHORITIES

## Cases

*Allen v. Bank of Am., N.A.*, No. 3:14-CV-429-KC (W.D. Tex. Apr. 15, 2015, Cardone, J.) ....... 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................... 1, 9, 10, 12, 14, 15, 18, 19, 20

*Baron v. Sherman (In re Ondova Ltd.)*, 914 F.3d 990 (5th Cir. 2019) .......................... 1, 14, 15, 20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................... 1, 11, 14, 15, 20

*Broussard v. Procter & Gamble Co.*, 463 F. Supp. 2d 596 (W.D. La. 2006), *aff'd*, 517 F.3d 767

    (5th Cir. 2008) ........................................................................................................... 4, 6

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ................................................

    .................................................................................. 1, 2, 9, 10, 12, 14, 15, 18, 19

*Conley v. Gibson*, 355 U.S. 41 (1957) ....................................................... 1, 2, 14, 15, 20

*Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995) .......................................... 2, 9, 10, 12, 14, 15, 18, 19

*Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117 (5th Cir. 1993) .......................................... 8, 11

*Denning v. Bond Pharm.*, 50 F.4th 445 (5th Cir. 2022) .......................... 1, 9, 10, 12, 14, 15, 18, 19

*Diggs v. Harris Hosp.-Methodist, Inc.*, 847 F.2d 270 (5th Cir. 1988)....................................... 8, 11

*Dominick v. Mayorkas*, 52 F.4th 992 (5th Cir. 2022) .................................................. 4, 6

*EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749 (5th Cir. 2020) (per curiam), cert. denied, –

    –– U.S. ––––, 141 S. Ct. 1048, 208 L.Ed.2d 519 (2021) ..................................................... 3, 6, 7

*Equal Employment Opportunity Comm'n v. Standard Forge & Axle Co., Inc.*, 496 F.2d 1392 (5th

    Cir. 1974) .................................................................................................................... 2, 6, 7

Fed. R. Civ. P. 56(d) ........................................................................................................ 4, 6

*Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017 (5th Cir. 1990)....................................... 8, 11

*Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41 (Tex. 1998) .... ................................................................................................................................... 16, 17, 18, 19

*Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000) ........................................................................ 19

*Haynes v. Kirby Co.*, 78 F.3d 584 (6th Cir. 1996) ...................................................................... 14

*Homoki v. Conversion Servs., Inc.*, 717 F.3d 388 (5th Cir. 2013) ............................... 1, 14, 15, 20

*Johnson v. Scott Fetzer Co.*, 124 S.W.3d 257 (Tex. App. - Fort Worth 2003, pet. denied).......... 14

*Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431 (5th Cir. 2013) ................................... 8, 11

*Jun Xiang Liu v. Nationstar Mortg.*, No. CV H-15-03637, 2016 WL 8457162 (S.D. Tex. Aug. 11, 2016), *report and recommendation adopted*, No. 4:15-CV-03637, 2016 WL 8457374 (S.D. Tex. Aug. 15, 2016) ........................................................................................................ 18

*Kaiser Aluminum Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045 (5th Cir. 1982) ................. 1

*Knighton v. Merscorp Inc.*, 304 Fed. Appx. 285 (5th Cir. 2008).............................................. 4, 5

*Naranjo v. Nick's Mgmt., Inc.*, 652 F. Supp. 3d 737 (N.D. Tex. 2023) ...................................... 3, 7

*Read v. Scott Fetzer Co.*, 990 S.W.2d 732 (Tex. 1999)........................................................... 12, 13

*Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex. 1985) ................................................................ 13

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) .............................................................. 1, 11, 14, 15, 20

*Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761 (5th Cir. 1997) ................ 7, 8, 11, 15

*Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281 (Tex. 1994) ............................. 16, 17, 18, 19

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577 (5th Cir. 2020)...................................... 2, 15, 18, 19

*Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642 (W.D. Tex. 2006) ......................................................................................................................... 19

*Supreme Home Health Services, Inc. v. Azar*, 380 F. Supp. 3d 533 (W.D. La. 2019), *aff'd*, 812 Fed. Appx. 229 (5th Cir. 2020)............................................................................................ 4, 5

*Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983) .................................................... 8, 13, 15

*Ultimate Appliance CC v. The Kirby Co.*, No. 1:07-CV-00024, 2008 WL 11404221 (N.D. Ohio

    Sept. 30, 2008).............................................................................................................. 14

*Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724 (5th Cir. 2019) ........................................ 3, 5

*Ward v. Hudnell*, 366 F.2d 247 (5th Cir. 1966) ...................................... 2, 9, 10, 12, 14, 15, 18, 19

*Wichita Falls Office Associates v. Banc One Corp.*, 978 F.2d 915 (5th Cir. 1992) .................... 4, 6

*Zorrilla v. Aypco Construction II, LLC*, 469 S.W.3d 143 (Tex. 2015) ...................... 16, 17, 18, 19

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 2, 3, 4, 19, 20

Fed. R. Civ. P. 12(c) .................................................................................................................. 3

Fed. R. Civ. P. 12(d) ....................................................................................................... 3, 4, 5, 6

Fed. R. Civ. P. 5(d)(1)(B).......................................................................................................... 21

Fed. R. Civ. P. 56 ...................................................................................................................... 4

Fed. R. Civ. P. 9(c) .......................................................................................................... 2, 3, 6, 7

Fed. R. Evid. 201 ....................................................................................................................... 3

**Treatises**

CHARLES A. WRIGHT & ARTHUR R. MILLER, 5A FED. PRAC. & PROC. CIV. § 1303

    (4th ed.) .............................................................................................................................. 3, 7

## AUTHORITY

I.  WHEN DECIDING A MOTION TO DISMISS, THE COURT EVALUATES THE PLAINTIFF'S COMPLAINT THROUGH A FAIR NOTICE STANDARD, ACCEPTING AS TRUE ALL FACTS ALLEGED IN THE COMPLAINT, AND MAKING ALL INFERENCES IN THE PLAINTIFF'S FAVOR.

"A motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), internal quotation marks omitted).

To survive a motion to dismiss, a complaint must provide fair notice of the claims and the facts, merely, showing a plausible claim for relief. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) ("The plaintiff is required to give fair notice in the pleadings of all claims brought against the defendant.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Baron v. Sherman (In re Ondova Ltd.)*, 914 F.3d 990, 992-993 (5th Cir. 2019) ("To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is plausible on its face.").

A complaint meets this plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The specific question to be decided by the Court, when evaluating the sufficiency of a pleading, "is not whether a plaintiff will ultimately prevail but <u>whether the claimant is entitled to offer evidence to support the claims</u>. **Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."** *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 583 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (emphasis added).

When deciding a motion to dismiss, the Court must accept as true all facts alleged in the complaint, liberally construing the complaint and making all inferences in the plaintiff's favor. *Ashcroft*, 556 U.S. at 678; *Denning v. Bond Pharm.*, 50 F.4th 445, 450 (5th Cir. 2022); *Collins*, 224

F.3d at 498; *see also Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) ("A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.") (quoting *Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir. 1966), internal quotation marks omitted). It is for this reason that the Fifth Circuit does not permit a district court to determine factual disputes when deciding a motion to dismiss:

> A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit. It instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief.

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Under this standard, a "district court may not dismiss a complaint under rule 12(b)(6) unless it appears *beyond doubt* that the plaintiff can prove *no set* of facts in support of his claim which would entitle him to relief." *Collins*, 224 F.3d at 498 (quoting *Conley*, 355 U.S. at 45-46, internal quotation marks omitted) (*emphasis added*); *Crowe*, 43 F.3d at 203 ("Dismissal cannot be upheld unless it appears beyond doubt that the plaintiffs would not be entitled to recover under any set of facts that they could prove in support of their claim."). Please take note that this *beyond doubt* standard is higher than the *beyond a reasonable doubt* which applies to cases involving criminal liability.

II.    A DEFENDANT MAY NOT USE A MOTION TO DISMISS TO RESOLVE THE DEFENDANT'S DENIAL THAT THE PLAINTIFF FULFILLED A CONDITION PRECEDENT, INCLUDING THE TIMELY FILING OF A CHARGE OF DISCRIMINATION WITH THE EEOC.

A general averment that the plaintiff complied with all conditions precedent to the filing of an action -- including filing a Charge of Discrimination -- satisfies any requirement for the plaintiff to specifically plead that the plaintiff timely filed the Charge with the EEOC. Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."); *Equal Employment Opportunity Comm'n v. Standard Forge & Axle Co., Inc.*, 496 F.2d 1392, 1393, 1395 (5th Cir. 1974) (holding the district court erred in dismissing

a complaint when the complaint contained a general averment that all conditions precedent had been satisfied.). And the Fifth Circuit specifically held that the timely filing of a Charge of Discrimination with the EEOC may be "generally pled" under Rule 9(c). *EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753 n.4 (5th Cir. 2020) (per curiam), cert. denied, --- U.S. ----, 141 S. Ct. 1048, 208 L.Ed.2d 519 (2021).

While a defendant may allege, in a responsive pleading, that the plaintiff failed to timely file a Charge of Discrimination with the EEOC, the Court may not resolve the matter in a motion to dismiss because a denial that the plaintiff fulfilled a condition precedent constitutes "a disputed issue" which "may be resolved only on a summary judgment motion or at trial." *Vantage Energy Servs., Inc.*, 954 F.3d at 753 n.4 (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, 5A FED. PRAC. & PROC. CIV. § 1303 (4th ed.)); *Naranjo v. Nick's Mgmt., Inc.*, 652 F. Supp. 3d 737, 749 (N.D. Tex. 2023) (same).

III.   ATTACHING EVIDENCE TO A MOTION TO DISMISS FOR ALLEGED FAILURE TO STATE A CLAIM CONVERTS THE MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT, AND THE COURT MAY NOT GRANT THE MOTION UNTIL AN ADEQUATE TIME FOR DISCOVERY HAS PASSED.

When deciding a Rule 12(b)(6) motion to dismiss a complaint for an alleged failure to state a claim, the Court must limit its review to:

1. The facts set forth in the complaint;

2. Documents attached to the complaint; and

3. Matters of which judicial notice may be taken under Federal Rule of Evidence 201.

*Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

If a movant attaches, to the Rule 12(b)(6) motion to dismiss, evidence from outside the pleadings, then the Court must convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary

judgment under Rule 56."); *Supreme Home Health Services, Inc. v. Azar*, 380 F. Supp. 3d 533, 551-552 (W.D. La. 2019), *aff'd*, 812 Fed. Appx. 229 (5th Cir. 2020) ("If evidence outside of the pleadings is presented to the court and used in deciding a Rule12(b)(6) motion, then the court must convert the matter to a motion for summary judgment."); *Knighton v. Merscorp Inc.*, 304 Fed. Appx. 285, 287 (5th Cir. 2008) ("A motion to dismiss should be converted to a motion for summary judgment when the court relies on matters outside of the pleadings.").

And, when considering a motion for summary judgment, the Court should defer deciding the motion until the non-movant has an adequate time to conduct discovery. Fed. R. Civ. P. 56(d); *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022); *see also Wichita Falls Office Associates v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992); *Broussard v. Procter & Gamble Co.*, 463 F. Supp. 2d 596, 612 (W.D. La. 2006), *aff'd*, 517 F.3d 767 (5th Cir. 2008).

This is especially true when considering a motion for summary judgment converted from a Rule 12(b)(6) motion to dismiss because Rule 12 states that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

## ARGUMENT

I.  THE COURT SHOULD DELAY DECIDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNTIL PLAINTIFF HAS AN ADEQUATE TIME TO CONDUCT DISCOVERY.

A.  DEFENDANT CONVERTS ITS MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT BY ATTACHING EVIDENCE FROM OUTSIDE THE PLEADINGS.

Defendant Kirby Opco, LLC attaches evidence from outside the pleadings to its Motion, and specifically attaches unverified, unsworn, out of court statements. Ecf 14-1; 14-2; 14-3.

Defendant's inclusion of the evidence from outside the pleadings converts Defendant's Rule 12(b)(6) motion to dismiss into a motion for summary judgment, regardless of what Defendant names its motion, as a matter of law. Fed. R. Civ. P. 12(d); *Walker*, 938 F.3d at 735; *Azar*, 380 F. Supp. 3d at 551-552; *Knighton*, 304 Fed. Appx. at 287.

B.  PLAINTIFF REQUIRES DISCOVERY TO REBUT DEFENDANT'S PROFFERED DOCUMENTS AND FACTUAL ALLEGATIONS.

In order to respond to Defendant's Motion, Plaintiff must take Defendant's corporate deposition and conduct additional discovery -- including through interrogatories and requests for production -- concerning (a) Defendant Kirby's contractual relationship with Co-Defendant Bradfute Enterprises, LLC, (b) what influence Kirby and its employees have over the employment decisions of Co-Defendant Bradfute Enterprises, (c) what role Co-Defendant David Bradfute has in the management and operation of the other Defendants, and (d) the factual statements in the documents Defendant proffers as evidence attached to the Motion to Dismiss. *Ex. A*, "Declaration of Enrique Chavez, Jr", pp. 1-2, ¶5.

This is particularly important because Defendant's Motion attempts to define Kirby's relationship with Bradfute based on the terms of the "Distributor Agreement" between the two companies. But the "Distributor Agreement" Defendant proffers states that Kirby requires Bradfute Enterprises to comply "with company [Kirby Opco, LLC] policies, which may be adopted, revised, or discontinued at any time." Ecf 14-1, p. 2. The "Distributor Agreement" does

not contain any of these undefined "policies". And the extent to which Kirby's "policies" control Bradfute Enterprises is important for showing the level of control Kirby has over Bradfute. Plaintiff is entitled to conduct discovery regarding this level of control. *See Ex. A*, "Declaration of Enrique Chavez, Jr", pp. 1-2, ¶5.

The Court should thus delay deciding Defendant's motion for summary judgment until Plaintiff has had an adequate time to conduct discovery. Fed. R. Civ. P. 56(d); *Dominick*, 52 F.4th at 995; *see also Wichita Falls Office Associates*, 978 F.2d at 919; *Broussard*, 463 F. Supp. 2d at 612; Fed. R. Civ. P. 12(d).

II.    THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE PLAINTIFF'S AVERMENT OF HAVING FULFILLED ALL CONDITIONS PRECEDENT TO THE FILING OF PLAINTIFF'S CLAIMS SATISFIES THE PLEADING REQUIREMENTS AS A MATTER OF LAW.

A.    PLAINTIFF GENERALLY AVERRED THAT PLAINTIFF FULFILLED A CONDITION PRECEDENT, WHICH SATISFIES THE PLEADING REQUIREMENTS.

In the Motion, Defendant alleges that Plaintiff did not comply with a pre-suit requirement to file a Charge of Discrimination with the EEOC or Texas Workforce Commission regarding Plaintiff's ADA and TCHRA claims. Ecf 14, pp. 14-15, §III(B). But Plaintiff's Complaint alleges the following:

All conditions precedent to the filing of this action have occurred or have been fulfilled.

Ecf 1, p. 9, ¶48.

As a matter of law, this general averment that Plaintiff complied with "[a]ll conditions precedent to the filing of this action" -- including filing a Charge of Discrimination -- satisfies any requirement for Plaintiff to plead that Plaintiff timely filed the Charge with the EEOC. Fed. R. Civ. P. 9(c); *Standard Forge & Axle Co., Inc.*, 496 F.2d at 1393, 1395. And the Fifth Circuit specifically held that the timely filing of a Charge of Discrimination with the EEOC may be "generally pled" under Rule 9(c), *Vantage Energy Servs., Inc.*, 954 F.3d at 753 n.4, as Plaintiff did, Ecf 1, p. 9, ¶48.

B.   DEFENDANT MAY NOT USE A MOTION TO DISMISS TO RESOLVE DEFENDANT'S DENIAL THAT PLAINTIFF FULFILLED A CONDITION PRECEDENT, INCLUDING THE TIMELY FILING OF A CHARGE OF DISCRIMINATION WITH THE EEOC.

While Defendant may allege, in a responsive pleading, that Plaintiff failed to timely file a Charge of Discrimination with the EEOC or Texas Workforce Commission, the Court may not resolve this matter in a motion to dismiss because a denial that Plaintiff fulfilled a condition precedent constitutes "a disputed issue" which "may be resolved only on a summary judgment motion or at trial." *Vantage Energy Servs., Inc.*, 954 F.3d at 753 n.4 (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, 5A FED. PRAC. & PROC. CIV. § 1303 (4th ed.)); *Naranjo*, 652 F. Supp. 3d at 749.

The Court should thus deny Defendant's Motion because Plaintiff's averment of having fulfilled "[a]ll conditions precedent to the filing of this action" satisfies the pleading requirements as a matter of law, Fed. R. Civ. P. 9(c); *Standard Forge & Axle Co., Inc.*, 496 F.2d at 1393, 1395; *Vantage Energy Servs., Inc.*, 954 F.3d at 753 n.4, and any allegation that Plaintiff did not actually do so must be resolved at the summary judgment stage after adequate time for discovery or at trial, *Vantage Energy Servs., Inc.*, 954 F.3d at 753 n.4; CHARLES A. WRIGHT & ARTHUR R. MILLER, 5A FED. PRAC. & PROC. CIV. § 1303 (4th ed.); *Naranjo*, 652 F. Supp. 3d at 749.

III.   THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE, UNDER THE FAIR NOTICE STANDARD, THE COMPLAINT CONTAINS SUFFICIENT FACTS TO DRAW A REASONABLE INFERENCE ON LIABILITY BASED ON DEFENDANT KIRBY'S JOINT EMPLOYER OR AGENT STATUS.

Courts use the hybrid economic realities/common law control test and the single employer test to determine whether an employment relationship exists between a plaintiff-employee and an alleged defendant-employer. *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763-764 (5th Cir. 1997).

The hybrid economic realities/common law control test utilizes two factors: (1) the economic-realities factor which "asks whether putative employees, 'as a matter of economic reality, are dependent upon the business to which they render service'", *Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431, 434 (5th Cir. 2013) (quoting *Diggs v. Harris Hosp.-Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988)), and (2) whether the employer has "[t]he right to control an employee's conduct", which is the test's "most important component", *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 119 (5th Cir. 1993) (citing *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990)).

In situations where a plaintiff alleges multiple employers, and the hybrid economic realities/common law control test establishes an employer-employee relationship with one employer, courts may then apply the single employer test to determine whether the other defendant is sufficiently integrated so to be considered a single employer. *Schweitzer*, 104 F.3d at 764. The single employer, or "integrated enterprise", test looks to the following factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

A.  PLAINTIFF'S COMPLAINT PLEADS FACTUAL ALLEGATIONS SUFFICIENT TO CREATE AN INFERENCE THAT DEFENDANT KIRBY IS A JOINT EMPLOYER BECAUSE KIRBY HIRES PLAINTIFF, CONTROLS PLAINTIFF'S CONDUCT, AND TERMINATES PLAINTIFF.

1.  PLAINTIFF PLEADS THAT KIRBY HIRES PLAINTIFF.

Plaintiff's Complaint alleges that Defendant Kirby directly hires Plaintiff:

On or about December 2022, Joint Employer Kirby Opco hires an Employee to work at Joint Employer Bradfute Enterprises as an Outbound Appointment Setter. [...]

That Employee is Jose Ochoa, Jr.

Ecf 1, pp. 4, 9, ¶¶21, 46. For purposes of deciding Defendant's motion to dismiss, the Court must accept these pleaded facts as true, liberally construe the Complaint, and make all inferences in

Plaintiff's favor. *Ashcroft*, 556 U.S. at 678; *Denning*, 50 F.4th at 450; *Collins*, 224 F.3d at 498; *see also Crowe*, 43 F.3d at 203; *Ward*, 366 F.2d at 249.

2.  PLAINTIFF PLEADS THAT KIRBY CONTROLS PLAINTIFF'S WORK ACTIVITIES.

Plaintiff's Complaint alleges that Co-Defendant Manager David Bradfute works for both Co-Defendant Bradfute Enterprises and Defendant Kirby, overseeing and managing the business operations of Bradfute Enterprises:

> Manager David Bradfute works for or on behalf of both Bradfute Enterprises and Kirby Opco. Manager David Bradfute oversees and manages Bradfute Enterprises's business operations, and oversees and manages Kirby Opco's business operations through, and control over, Bradfute Enterprises.

Ecf 1, p. 4, ¶20. And it is Manager David Bradfute -- Kirby's employee -- who refuses to provide Plaintiff with a wheelchair accessible workplace, and directs Plaintiff to hop on one foot through the halls and doorways:

> However, Joint Employer Bradfute Enterprises and Manager David Bradfute refuse to provide [Plaintiff Ochoa] with a reasonable accommodation or provide a wheelchair accessible workplace at Bradfute Enterprises. Specifically, the doorways of Joint Employer Bradfute Enterprises's Premises are too narrow for [Plaintiff Ochoa] to go through the doorways with [Plaintiff Ochoa]'s wheelchair.
>
> Joint Employer Bradfute Enterprises and Manager David Bradfute then require [Plaintiff Ochoa] to hop on one leg to get through the doorways, which is dangerous and humiliating.
>
> Also, Joint Employer Bradfute Enterprises had lined the walls of Joint Employer Bradfute Enterprises's Premises with vacuum cleaners; it became aware that the vacuum cleaners lining against the wall prevents [Plaintiff Ochoa] from accessing the hallway or the men's restroom and toilet because [Plaintiff Ochoa]'s wheelchair was obstructed from passing through.
>
> The restroom at Joint Employer Bradfute Enterprises's Premises is not too narrow to allow [Plaintiff Ochoa]'s wheelchair to pass through which prevents [Plaintiff Ochoa] from entering the restroom with [Plaintiff Ochoa]'s wheelchair.

Ecf 1, p. 6, ¶30-33 (emphasis added).

9

### 3. PLAINTIFF'S COMPLAINT INFERS THAT KIRBY TERMINATES PLAINTIFF.

Plaintiff's Complaint alleges that Co-Defendant Bradfute Enterprises Supervisor Brandon

LNU terminates Plaintiff:

> Joint Employer Bradfute Enterprises Supervisor Brandon LNU refuses to allow the Employee to return to work, telling the Employee that no one will come help the Employee, and to go home.
>
> Beginning on February 3, 2023, and continuing through March 2023, Joint Employer Bradfute Enterprises Supervisor Brandon LNU tells the Employee over the phone and through text messages that Joint Employer Bradfute Enterprises will not allow the Employee to return to work.
>
> On March 8, 2023, Joint Employer Bradfute Enterprises Supervisor Brandon LNU receives the Employee's notice that the Employee has received a prosthetic leg, no longer requires a wheelchair, and is able to return to work.
>
> On March 14 and 22, 2023, Joint Employer Bradfute Enterprises Supervisor Brandon LNU tells the Employee over the phone that Joint Employer Bradfute Enterprises will not allow the Employee to return to work, that the Employee should "look elsewhere", and that there are "no hard feelings".

Ecf 1, p. 8, ¶42-45. But the Court will recall that Plaintiff's Complaint also alleges it is Kirby's

employee, Manager David Bradfute, who oversees and manages the business operations of Bradfute

Enterprises, Ecf 1, p. 4, ¶20, and directs Plaintiff's workplace activities, Ecf 1, p. 6, ¶30-33. Thus, it

cannot be said that it appears *beyond doubt* that the plaintiff can prove *no set* of facts in support of

his claim because the above pleaded allegations are provable.

These pleaded factual allegations create an inference that Defendant Kirby, by and through

its employee Manager David Bradfute, either made the decision to terminate, or approved the

termination of, Plaintiff. Ecf 1, pp. 4, 6, 8, ¶20, 30-33, 42-45. And the Court must make this inference

in Plaintiff's favor. *Ashcroft*, 556 U.S. at 678; *Denning*, 50 F.4th at 450; *Collins*, 224 F.3d at 498; *see*

*also Crowe*, 43 F.3d at 203; *Ward*, 366 F.2d at 249. The test the Court must use to evaluate the

Complaint is not whether Plaintiff will ultimately succeed on proving this inference at trial, "but

whether [Plaintiff] is entitled to offer evidence to support the claims." *Bell Atl. Corp.*, 550 U.S. at 583 (quoting *Scheuer*, 416 U.S. at 236).

These pleaded and inferred facts -- Kirby hires Ochoa, controls Ochoa's work activities, and terminates Ochoa -- are all subject to proof, i.e. within a set of provable facts, and create an inference that Kirby is Employee Ochoa's employer because Ochoa depends on Kirby, and Kirby has the right to control Ochoa's work. *Schweitzer*, 104 F.3d at 763-764; *Juino*, 717 F.3d at 434; *Diggs*, 847 F.2d at 272; *Deal*, 5 F.3d at 119; *Fields*, 906 F.2d at 1019.

> B.  PLAINTIFF'S COMPLAINT PLEADS FACTUAL ALLEGATIONS SUFFICIENT TO CREATE AN INFERENCE THAT KIRBY AND BRADFUTE ENTERPRISES FORM AN "INTEGRATED ENTERPRISE" BECAUSE KIRBY CONTROLS BRADFUTE'S EMPLOYMENT PRACTICES AND BUSINESS OPERATIONS.

In addition to having direct control over Plaintiff, Kirby may also be liable for Plaintiff's claims because Kirby and the other defendants form an "integrated enterprise", as follows:

> 1.  PLAINTIFF PLEADS THAT KIRBY CONTROLS BRADFUTE'S EMPLOYMENT PRACTICES BECAUSE KIRBY HIRES AND FIRES PLAINTIFF.

Plaintiff's Complaint infers Co-Defendant Bradfute Enterprises outsources its employment decisions to Kirby because Kirby hires Plaintiff to work at Bradfute Enterprises, Ecf 1, pp. 4, 9, ¶21, 46, and terminates, or approves the termination of, Plaintiff from Plaintiff's position at Bradfute Enterprises, Ecf 1, pp. 4, 6, 8, ¶20, 30-33, 42-45.

> 2.  PLAINTIFF PLEADS THAT KIRBY CONTROLS BRADFUTE'S BUSINESS OPERATIONS BECAUSE KIRBY AND BRADFUTE HAVE THE SAME MANAGEMENT.

Plaintiff's Complaint infers Co-Defendants Bradfute Enterprises and Kirby have the same management because Kirby's employee, Manager David Bradfute, works for both Bradfute Enterprises and Kirby, overseeing and managing the business operations of Bradfute Enterprises on Kirby's behalf. Ecf 1, p. 4, ¶20.

3.  PLAINTIFF PLEADS, AND THE TEXAS SUPREME COURT AGREES, THAT KIRBY CONTROLS BRADFUTE'S BUSINESS OPERATIONS BECAUSE KIRBY CONTROLS HOW AND WHERE BRADFUTE ENTERPRISES CONDUCTS ITS SALES.

Plaintiff's Complaint alleges that Defendant Kirby "exercises control over the hiring and personnel decisions of Employer Bradfute Enterprises", Ecf 1, p. 4, ¶14, and does so through "a contractual 'Distributor Agreement'", Ecf 1, p. 4, ¶19, as follows:

> Employer Kirby Opco exercises control over the hiring and personnel decisions of Employer Bradfute Enterprises which acts as Kirby Opco's distributor, selling Kirby Opco's products -- vacuum cleaners -- on Kirby Opco's behalf through live, in-home sales demonstrations. [...]

> Joint Employers Bradfute Enterprises and Kirby Opco sign a contractual "Distributor Agreement" where Kirby Opco oversees and controls Bradfute Enterprises' sales operations including determining how Bradfute Enterprises markets and sells Kirby Opco's vacuums, *i.e.*, Kirby Opco requires Bradfute Enterprises to sell the vacuums through in-home sales demonstrations, and regulates how Bradfute Enterprises's employees conduct the in-home sales demonstrations.

Ecf 1, pp. 3-4, ¶14, 19. For purposes of deciding Defendant's motion to dismiss, the Court must accept these pleaded facts as true, liberally construe the Complaint, and make all inferences in Plaintiff's favor. *Ashcroft*, 556 U.S. at 678; *Denning*, 50 F.4th at 450; *Collins*, 224 F.3d at 498; *see also Crowe*, 43 F.3d at 203; *Ward*, 366 F.2d at 249.

The Texas Supreme Court agrees that, under these facts, Defendant Kirby exercises control over Co-Defendant Bradfute. *Read v. Scott Fetzer Co.*, 990 S.W.2d 732 (Tex. 1999). Specifically, the Texas Supreme Court reviewed Defendant Kirby Opco, LLC's predecessor, the Scott Fetzer Company, which -- while operating Defendant's current business enterprise under the same business name as Defendant, The Kirby Company, *Read*, 990 S.W.2d at 733-734 -- used a "Distributor Agreement" to control the employment and sales activities of Scott Fetzer Company's distributors by requiring the distributors to sell Fetzer's vacuum cleaners through in-home demonstrations only. *Read*, 990 S.W.2d at 733-734. The Texas Supreme Court held that this contractual control over the distributors' employment and sales practices is sufficient to give rise to liability against the Scott Fetzer

Company -- and likewise its successor, Defendant Kirby Opco, LLC -- because Fetzer and Kirby retain control over their distributors, including Co-Defendant Bradfute:

> In *Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex. 1985), we held that a general contractor, like Kirby, has a duty to exercise reasonably the control it retains over the independent contractor's work. Here, by requiring its distributors to sell vacuum cleaners only through in-home demonstration, Kirby has retained control of that portion of the distributor's work. Kirby must therefore exercise this retained control reasonably. [...]

> ...it is undisputed that Kirby directed its distributors that its Kirby vacuum cleaners be marketed solely through in-home demonstration. It was Kirby's retention of control over this detail that gave rise to the duty to exercise that control reasonably. That Kirby's agreement with the distributors allowed the distributors to independently contract with dealers does not excuse Kirby from the duty to act reasonably with regard to the detail — required in-home sales — over which it did retain control.

*Read*, 990 S.W.2d at 735-736 (emphasis added). While *Read* dealt with common law negligence, rather than statutory employment claims, the rationale -- and the pertinent issue of control -- remains the same because *Read* permits Kirby's control over Bradfute's operations to show liability through an "integrated enterprise", *i.e.*, "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino*, 701 F.2d at 404. And the pleaded facts in the instant case show Defendant Kirby Opco, LLC has an even greater level of control of distributor Bradfute than the Scott Fetzer Company because Plaintiff's Complaint pleads that it is Kirby which hires Plaintiff to work at Bradfute, and Kirby's hiring representative represents himself as from Co-Defendant Bradfute:

> On or about December 2022, Joint Employer Kirby Opco hires an Employee to work at Joint Employer Bradfute Enterprises as an Outbound Appointment Setter. [...]

> Specifically, on or about December 2022, Employer Kirby Opco's hiring representative meets with the Employee in an in-person meeting. During the meeting, Kirby Opco's hiring representative tells the Employee that the hiring representative is from Bradfute Enterprises and that the representative came from Minneapolis for the meeting.

Ecf 1, pp. 4-5, ¶21, 23 (emphasis added). These facts, and the Texas Supreme Court precedent, create an inference that Kirby controls Bradfute's business operations, and the Court must make this inference in Plaintiff's favor. *Ashcroft*, 556 U.S. at 678; *Denning*, 50 F.4th at 450; *Collins*, 224 F.3d at 498; *see also Crowe*, 43 F.3d at 203; *Ward*, 366 F.2d at 249.

Defendant cites to a line of cases which Defendant alleges hold Kirby cannot be responsible for employment claims brought by an employee of a distributor. Ecf 14, pp. 13-15. But these cases are inapposite because the cases dealt with a directed verdict during trial, *Johnson v. Scott Fetzer Co.*, 124 S.W.3d 257, 261 (Tex. App. - Fort Worth 2003, pet. denied), or a motion for summary judgment, *Haynes v. Kirby Co.*, 78 F.3d 584 (6th Cir. 1996), both of which apply an evidentiary standard rather than a fair notice of the claims standard appropriate for a motion to dismiss, *Homoki*, 717 F.3d at 402; *Conley*, 355 U.S. at 47; *Baron*, 914 F.3d at 992-993; *Ashcroft*, 556 U.S. at 678.

The only case Defendant cites which dealt with a motion to dismiss held the plaintiff in that case had "not pled any facts" regarding an employer/employee relationship. *Ultimate Appliance CC v. The Kirby Co.*, No. 1:07-CV-00024, 2008 WL 11404221, at *8 (N.D. Ohio Sept. 30, 2008). But Plaintiff does plead such facts here, and specifically that it is Defendant Kirby which hires Plaintiff to work at Bradfute, and Kirby's hiring representative represents himself as from Co-Defendant Bradfute. Ecf 1, pp. 4-5, ¶21, 23. None of these pleaded facts were alleged in *Ultimate Appliance CC*. The Court must accept these pleaded facts as true, liberally construe the Complaint, and make all inferences in Plaintiff's favor. *Ashcroft*, 556 U.S. at 678; *Denning*, 50 F.4th at 450; *Collins*, 224 F.3d at 498; *see also Crowe*, 43 F.3d at 203; *Ward*, 366 F.2d at 249. The test to evaluate the sufficiency of the Complaint is not whether Plaintiff will ultimately succeed on proving this inference at trial, "but whether [Plaintiff] is entitled to offer evidence to support the claims." *Bell Atl. Corp.*, 550 U.S. at 583 (quoting *Scheuer*, 416 U.S. at 236).

14

The pleaded facts in this case specifically allege that Defendant Kirby controls (a) Bradfute's employment practices, Ecf 1, pp. 4-6, 8-9, ¶20-21, 23, 30-33, 42-46, (b) Bradfute's business operations through the same management, Ecf 1, p. 4, ¶20, and (c) how Bradfute conducts its sales, Ecf 1, pp. 3-4, ¶14, 19. These pleaded facts create an inference of an "integrated enterprise", *Schweitzer*, 104 F.3d at 764; *Trevino*, 701 F.2d at 404, including an "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control", *Trevino*, 701 F.2d at 404.

The Court should thus deny Defendant's Motion because, under the fair notice standard, Plaintiff is entitled to offer this evidence at trial. *Homoki*, 717 F.3d at 402; *Conley*, 355 U.S. at 47; *Baron*, 914 F.3d at 992-993; *Ashcroft*, 556 U.S. at 678; *Bell Atl. Corp.*, 550 U.S. at 583; *Scheuer*, 416 U.S. at 236.

C.    DEFENDANT DOES NOT CONTEST PLAINTIFF'S PLEADING THAT DEFENDANT IS LIABLE BASED ON DEFENDANT'S AGENCY STATUS.

In the Complaint, Plaintiff alleges that Defendant Kirby is an agent of the other Defendants, while the other Defendants are agents of Defendant Kirby. Ecf 1, p. 4, ¶17. Plaintiff's Complaint goes on to allege Defendant Kirby's liability by acting within that agency relationship. Ecf 1, p. 11, ¶57-58.

For purposes of deciding Defendant's Motion to Dismiss, the Court must accept these facts as true, liberally construe the Complaint, and make all inferences in Plaintiff's favor. *Ashcroft*, 556 U.S. at 678; *Denning*, 50 F.4th at 450; *Collins*, 224 F.3d at 498; *Crowe*, 43 F.3d at 203; *Ward*, 366 F.2d at 249; *see also Sewell*, 974 F.3d at 581.

While Defendant spends much of the Motion falsely alleging that Plaintiff did not sufficiently plead liability under a joint employer or joint enterprise theory, Ecf 14, pp. 12-15, as discussed above, **Defendant's Motion never challenges the sufficiency of Plaintiff's pleading which asserts liability**

**under an agency theory**. Thus, if the Court were to hold Plaintiff's Complaint does not provide fair notice of a claim under a joint employer or joint enterprise theory -- which the Complaint does, as discussed above -- the Court cannot dismiss Plaintiff's claims because Plaintiff's Complaint sufficiently asserts liability under an agency theory.

IV.    THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE THE COMPLAINT CONTAINS SUFFICIENT FACTS TO DRAW A REASONABLE INFERENCE ON LIABILITY FOR FRAUD.

A claim for fraud requires the following elements:

1.    Defendant made a material misrepresentation to Plaintiff;

2.    The representation was false;

3.    Defendant knew the representation to be false when made;

4.    Defendant intended Plaintiff to act upon the misrepresentation;

5.    Plaintiff relied upon the misrepresentation; and

6.    The misrepresentation caused Plaintiff injury.

*Zorrilla v. Aypco Construction II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998); *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)).

A.    THE COMPLAINT IDENTIFIES SPECIFIC STATEMENTS DEFENDANT MADE TO PLAINTIFF, BY AND THROUGH DEFENDANT'S HIRING REPRESENTATIVE, FALSELY STATING DEFENDANTS WOULD PROVIDE PLAINTIFF WITH A WHEELCHAIR ACCESSIBLE WORKPLACE.

Plaintiff's Complaint pleads that it is Defendant Kirby which hires Plaintiff to work at Bradfute, and Kirby's hiring representative represents himself as from Co-Defendant Bradfute. Ecf 1, pp. 4-5, ¶21, 23. During the December 2022 hiring meeting, Kirby's representative is aware Plaintiff's right leg was amputated, and receives Plaintiff's request for a reasonable accommodation in the form of a wheelchair accessible workplace. Ecf 1, pp. 4-5, ¶22, 24. Kirby's hiring representative then "tells [Plaintiff] that Joint Employer Bradfute Enterprises will accommodate [Plaintiff] by providing [Plaintiff] with a wheelchair accessible workplace." Ecf 1, p. 5, ¶25.

But the statement by Kirby's hiring representative is false because the workplace is not wheelchair accessible, as follows:

> However, Joint Employer Bradfute Enterprises and Manager David Bradfute refuse to provide the Employee with a reasonable accommodation or provide a wheelchair accessible workplace at Bradfute Enterprises. Specifically, the doorways of Joint Employer Bradfute Enterprises's Premises are too narrow for the Employee to go through the doorways with the Employee's wheelchair.

> Joint Employer Bradfute Enterprises and Manager David Bradfute then require the Employee to hop on one leg to get through the doorways, which is dangerous and humiliating.

> Also, Joint Employer Bradfute Enterprises had lined the walls of Joint Employer Bradfute Enterprises's Premises with vacuum cleaners; it became aware that the vacuum cleaners lining against the wall prevents the Employee from accessing the hallway or the men's restroom and toilet because Employee's wheelchair was obstructed from passing through.

Ecf 1, pp. 6-7, ¶30-32, 35.

B.     THE FALSE STATEMENTS ARE FRAUDULENT BECAUSE DEFENDANT INTENDED FOR PLAINTIFF TO RELY ON THE STATEMENTS WHEN ACCEPTING THE EMPLOYMENT OFFER.

Plaintiff's Complaint pleads that Kirby's hiring representative "knows that this statement [that Joint Employer Bradfute Enterprises will provide Plaintiff with a wheelchair accessible workplace] is not true", Ecf 1, p. 5, ¶26, but "makes this false statement to induce [Plaintiff] into accepting a position at Bradfute Enterprises", Ecf 1, p. 5, ¶27, and "is aware that [Plaintiff] accepts the position with Joint Employer Bradfute Enterprises, acting in reliance on the hiring representative's statement that Bradfute Enterprises will accommodate [Plaintiff] and provide [Plaintiff] with a wheelchair accessible workplace", Ecf 1, p. 5, ¶28.

Defendant's statement is therefore not only false but fraudulent because Defendant made the statement knowing it was false and with the intention of Plaintiff relying on the statement to Plaintiff's own detriment. *Zorrilla*, 469 S.W.3d at 153; *Formosa Plastics Corp. USA*, 960 S.W.2d at 47; *Sears, Roebuck & Co.*, 877 S.W.2d at 282.

C.    DEFENDANT'S FRAUDULENT STATEMENT CAUSES PLAINTIFF INJURY BECAUSE DEFENDANTS DID NOT PROVIDE A WHEELCHAIR ACCESSIBLE WORKPLACE.

After Plaintiff accepts Defendant's employment offer based on Defendant's fraudulent representation that Joint Employer Bradfute Enterprises will provide Plaintiff with a wheelchair accessible workplace, Ecf 1, p. 5, ¶28, Defendants require Plaintiff to work in an office which is not wheelchair accessible, resulting in injury to Plaintiff, as follows:

> On January 31, 2023, Joint Employer Bradfute Enterprises is aware that [Plaintiff] enters the restroom by hopping on one leg while placing one hand on the restroom doorframe and one hand on the restroom sink in order to steady himself and maneuver into the restroom because [Plaintiff]'s right leg was amputated and the restroom is not wheelchair accessible.

> On January 31, 2023, while [Plaintiff]'s hand is on the restroom sink, Joint Employer Bradfute Enterprises's restroom sink breaks off the wall, causing [Plaintiff], along with the sink, to crash to the ground, causing [Plaintiff] terrible injuries. [Plaintiff] lands on the floor in a pool of water from the broken sink. [Plaintiff] crawls across the wet floor, in front of the other employees, out of the restroom, and pulls himself up into the wheelchair, wet and injured.

Ecf 1, p. 7, ¶36-37. Co-Defendant Bradfute then terminates Plaintiff's employment after receiving Plaintiff's report of the injury. Ecf 1, pp. 7-8, ¶38-45.

All of these pleaded facts create an inference of fraud. *Ashcroft*, 556 U.S. at 678; *Denning*, 50 F.4th at 450; *Collins*, 224 F.3d at 498; *Crowe*, 43 F.3d at 203; *Ward*, 366 F.2d at 249; *Sewell*, 974 F.3d at 581; *Zorrilla*, 469 S.W.3d at 153; *Formosa Plastics Corp. USA*, 960 S.W.2d at 47; *Sears, Roebuck & Co.*, 877 S.W.2d at 282. Defendant, however, wants more, and specifically argues "Plaintiff must state the 'the who, what, when, where, and how' of the fraud claim" in the Complaint. Ecf 14, p. 16 (citing *Jun Xiang Liu v. Nationstar Mortg.*, No. CV H-15-03637, 2016 WL 8457162, at *2 (S.D. Tex. Aug. 11, 2016), *report and recommendation adopted*, No. 4:15-CV-03637, 2016 WL 8457374 (S.D. Tex. Aug. 15, 2016)).

But Defendant's argument fails because Plaintiff's pleaded allegations meet all of these requirements:

Who: Defendant Kirby Opco, LLC, by and through Kirby's hiring representative.

What: Made a false statement that that Joint Employer Bradfute Enterprises will provide Plaintiff with a wheelchair accessible workplace.

When: December 2022.

Where: The in-person hiring meeting between Kirby's hiring representative and Plaintiff.

How: The oral statement was fraudulent because Defendant made the statement knowing it was false and with the intention of Plaintiff relying on the statement to Plaintiff's own detriment, and Plaintiff sustained an actual injury as a result of his reliance on Defendant's statement.

Ecf 1, pp. 4-8, ¶21-28, 30-32, 35-45.

The Court should thus deny Defendant's Motion because the Complaint contains sufficient facts to draw a reasonable inference on liability for fraud. *Ashcroft*, 556 U.S. at 678; *Denning*, 50 F.4th at 450; *Collins*, 224 F.3d at 498; *Crowe*, 43 F.3d at 203; *Ward*, 366 F.2d at 249; *Sewell*, 974 F.3d at 581; *Zorrilla*, 469 S.W.3d at 153; *Formosa Plastics Corp. USA*, 960 S.W.2d at 47; *Sears, Roebuck & Co.*, 877 S.W.2d at 282.

## V. Should the Court grant Defendant's Motion, the Court should give Plaintiff leave to amend the Complaint.

"When a court dismisses one or more of a plaintiff's claims pursuant to Rule 12(b)(6), the court should generally give the plaintiff an opportunity to amend the complaint." *Allen v. Bank of Am., N.A.*, No. 3:14-CV-429-KC, at *30 (W.D. Tex. Apr. 15, 2015, Cardone, J.) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247-248 n.6 (5th Cir. 2000)). Should the Court grant Defendant's Motion, the Court should thus give Plaintiff leave to amend the Complaint. *Allen*, No. 3:14-CV-429-KC, at *30 (citing *Hart*, 199 F.3d at 247-248).

## VI. Conclusion and Prayer.

"[A] motion to dismiss tests the legal sufficiency of the complaint." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642, 649 (W.D. Tex. 2006). The purpose is not to decide who will "ultimately prevail" at the summary judgment stage or at trial, both of which

take place *after* relevant discovery. *Twombly*, 550 U.S. at 583 (quoting *Scheuer*, 416 U.S. at 236). Instead, at the pleading stage, the Court reviews "the legal sufficiency of the complaint", deciding whether Plaintiff's pleading provides sufficient notice of the claims. *Homoki*, 717 F.3d at 402; *Conley*, 355 U.S. at 47; *Baron*, 914 F.3d at 992-993; *Ashcroft*, 556 U.S. at 678.

Despite the fact that Plaintiff's Complaint readily notices Defendant of Plaintiff's claims, Defendant asks the Court to dismiss Plaintiff's claims, and deny Plaintiff the opportunity to present evidence supporting his claims before this Court. The Court should see Defendant's Motion for what it is: a clear misuse of Rule 12(b)(6).

Plaintiff asks the Court to deny Defendant's Motion to Dismiss in its entirety because denying Defendant's Motion is the correct outcome under the applicable law.

SIGNED on October 17, 2024.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _____
Enrique Chavez, Jr., State Bar No. 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson, State Bar No. 24087103
manderson@chavezlawpc.com
Michael M. Osterberg, State Bar No. 24108991
mikeosterberg@chavezlawpc.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's efiling system. Accordingly, the Federal Rules of Civil Procedure do not require a Certificate of Service. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").