**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

JOSE OCHOA, JR.,

      Plaintiff,

v.

 

BRADFUTE ENTERPRISES, LLC,
DAVID BRADFUTE, and
KIRBY OPCO, LLC
    d/b/a THE KIRBY COMPANY
    d/b/a READIVAC
    d/b/a KIRBY

      Defendants.

Case No. 3:24-cv-00228-KC

District Judge Kathleen Cardone

Magistrate Judge Torres

**DEFENDANT KIRBY OPCO, LLC'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

## STATEMENT OF ISSUES

1.      Whether Plaintiff properly exhausted his administrative remedies against Kirby with respect to his statutory claims.

2.      Whether Plaintiff plausibly alleged sufficient facts to demonstrate that Kirby is Plaintiff's joint-employer or liable under an agency theory as required by Federal Rule of Civil Procedure 12(b)(6).

3.      Whether Plaintiff plausibly alleged "with particularity" sufficient facts to support his fraud claim against Kirby, as required by Federal Rule of Civil Procedure 9(b).

I.    **INTRODUCTION**

Defendant Kirby Opco, LLC ("Kirby"), respectfully submits this Reply in Support of its Motion to Dismiss and requests that the Court dismiss the claims against Kirby with prejudice and grant any other and further relief that it deems equitable and just. Plaintiff Jose Ochoa, Jr. continues to show that he does not have a good faith basis for asserting his claims against Kirby, and his 20-page Response is perhaps most illuminating for what it does **not** say. (Dkt. 21.) Confronted with undisputed evidence that Plaintiff failed to exhaust his administrative remedies with respect to Kirby, Plaintiff makes only a "general averment" that he "complied with all conditions precedent to the filing of this action" (*Id*. at 6–7), which, as previously stated, Plaintiff did not do. Plaintiff continues to misunderstand that whether Plaintiff could properly bring *this action* is irrelevant to whether Plaintiff could properly bring *this action* **against Kirby**. Plaintiff has now waived any argument that the charge he filed against Bradfute Enterprises, LLC ("Bradfute Enterprises") was somehow sufficient to exhaust his administrative remedies against Kirby.

Furthermore, Plaintiff's conclusory allegations do not render plausible his fanciful claim that Kirby was his "employer" based on its supplier-retailer relationship with Bradfute Enterprises. Whether characterized as "joint employer status," "joint enterprise status," "agency status," or whatever false designations Plaintiff interchangeably uses, Plaintiff's allegations fall far short of stating a plausible claim that Kirby is somehow responsible for any claims Plaintiff may have against Bradfute Enterprises.

II.    **ARGUMENT**

A.    **Plaintiff still does not allege that he properly exhausted his administrative remedies with respect to Kirby because he cannot do so.**

Plaintiff has not alleged that he properly exhausted his administrative remedies with respect to Kirby because he is unable to do so. If Plaintiff had exhausted his administrative remedies with

respect to Kirby — as distinct from Bradfute Enterprises — he surely would have at least **alleged** that crucial detail somewhere in his 64-paragraph Complaint, his 20-page Response to Kirby's Motion to Dismiss, or in Plaintiff's counsel's two-page Declaration. (Dkts. 1, 21, 21-1.) Yet nowhere in any of these documents does Plaintiff address this key failure that has doomed Plaintiff's statutory claims against Kirby from the beginning of this lawsuit. Similarly, Plaintiff still does not assert that he obtained a right-to-sue letter from the Texas Workforce Commission because he never obtained such a letter.

Plaintiff's counsel's Declaration is particularly striking for what it does not say. In that document, Plaintiff's counsel complains that he cannot be expected to "fully respond" to Defendants' motions to dismiss until Plaintiff has the opportunity to conduct discovery on four enumerated topics, none of which have anything to do with administrative exhaustion. In other words, there is no genuine dispute in this case that Plaintiff did not, in fact, exhaust his administrative remedies with respect to Kirby.

i.   **Plaintiff's "general averment" that he "complied with all conditions precedent to the filing of this action" is demonstrably false with respect to Kirby.**

Rather than engage with the substance of Kirby's arguments, Plaintiff relies on smoke and mirrors, arguing that this Court is required to accept his "general averment" that he "complied with all conditions precedent to the filing of this action" — despite all of the undisputed evidence to the contrary. (Dkt. 21 at 6-7.)

Plaintiff contorts case law, citing law that seemingly supports his claim that a general averment that he complied with all conditions precedent to the filing of an action satisfies his pleading obligations. However, that general averment is false as Plaintiff failed to include Kirby in his EEOC charge. Plaintiff did **not** satisfy all conditions precedent regarding Kirby.

The entities a complainant names in an EEOC charge matters a great deal, for obvious reasons. Accordingly, this circuit has "recognized a general rule that a party not named in an EEOC charge may not be sued" under Title VII or the ADA. *See Trumbo v. Performance Bicycle Shop*, No. 1:21-CV-1027-LY-DH, 2021 WL 11691308, at *2 (W.D. Tex. Nov. 22, 2021), *report and recommendation adopted,* No. 1:21-CV-1027-LY-DH, 2022 WL 20539456 (W.D. Tex. Jan. 20, 2022) (cleaned up); *Cornish v. Texas Bd. of Crim. Just. Off. of the Inspector Gen.*, 141 F. App'x 298, 300 (5th Cir. 2005) (upholding dismissal of claims when plaintiff did not name defendant in charge); *Black v. Sysco Foods of Houston*, No. CIV A H-06-2236, 2006 WL 2634582, at *1 (S.D. Tex. Sept. 12, 2006) (same). Indeed, this Court has previously characterized as "frivolous" efforts like Plaintiff's to bring discrimination claims against defendants who were not named in the plaintiff's administrative charge. *See, e.g.*, *Trumbo,* 2021 WL 11691308, at *2.

The authorities Plaintiff relies upon are also easily distinguished from the current matter. *EEOC v. Vantage Energy Servs., Inc.*, merely rejected a district court's "one-sentence judgment" that an employee's "later-verified intake questionnaire" cannot constitute a "charge" for purpose of the ADA's charge-filing deadline. 954 F.3d 749, 753 (5th Cir. 2020). In *Vantage*, the employee had listed his employer's name on the questionnaire, the EEOC wrote a "charge number" on the documents received, and the EEOC provided the employer with a "notice of Charge of Discrimination." *Id.* at 752. Therefore, the employer had notice of the allegations made against it. Here, Plaintiff **never** identified Kirby as a potential employer to the EEOC. Additionally, the half-century old case of *EEOC v. Standard Forge & Axle Co.*, cited by Plaintiff, says nothing about the standards a court should apply in reviewing a motion to dismiss in the face of undisputed evidence that the plaintiff did not properly exhaust his administrative remedies. 496 F.2d 1392, 1393 (5th Cir. 1974). That case involved a motion for a more definite statement under Rule 12(e),

not a motion to dismiss under Rule 12(b)(6). *Naranjo v. Nick's Mgmt., Inc.* also is irrelevant as it involves a "condition precedent" set forth in a contract. 652 F. Supp. 3d 737, 748 (N.D. Tex. 2023). In fact, *Naranjo* is not an ADA case at all, but rather one brought under the FLSA — which does not require exhaustion of administrative remedies as a prerequisite to suit.

Simply claiming that "all conditions precedent to the filing of this action have occurred or have been fulfilled" does not make it so, and such a claim is not sufficient to survive a motion to dismiss when there is undisputed evidence that the Plaintiff did not, in fact, fulfill the required "conditions precedent." (Compl. at 9.)

### ii. Plaintiff has waived any argument that Plaintiff's failure to name Kirby in his administrative charge should be excused.

Since Plaintiff has refused to engage with the evidence attached to Kirby's Motion to Dismiss — evidence that is most inconvenient and detrimental to his case —  he has waived any possible argument for why his clear failure to name Kirby in his administrative charge might possibly be excused. *See E-Dealer Direct v. Bank of Am., N.A.*, No. EP-21-CV-62-DB, 2021 WL 2115299, at *8 (W.D. Tex. May 25, 2021) (recognizing that arguments not raised in response to a motion to dismiss are waived).

### B. Courts routinely consider the types of documents Kirby attached to its Motion to Dismiss in evaluating the sufficiency of a plaintiff's pleadings.

### i. The Court may consider the EEOC documents attached to Kirby's Motion to Dismiss.

As Plaintiff's own cited authority acknowledges, a court reviewing a Rule 12(b)(6) motion may consider not only "the facts set forth in the complaint," but also "documents attached to the complaint," "matters of which judicial notice may be taken," and documents that "a defendant attaches … to its motion that are referred to in the complaint and are central to the plaintiff's claims." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

It is well established that courts reviewing motions to dismiss may consider EEOC documents because such documents are central to a plaintiff's claim of discrimination. *See, e.g.*, *Issa v. Boeing Com. Aircrafts Co.*, No. SA-23-CV-01029-OLG, 2024 WL 3153388, at *1 (W.D. Tex. May 20, 2024), *report and recommendation adopted,* No. SA-23-CV-1029-OLG, 2024 WL 3152390 (W.D. Tex. June 21, 2024) (holding that a reference to an EEOC charge number is sufficient for the court to consider a corresponding charge attached to a motion to dismiss). Exhibit A to the Complaint confirms that Plaintiff received a right-to-sue notice in connection with charge number 453-2023-01414, which is the same charge number listed on the charge of discrimination and the position statement Kirby attached to its Motion to Dismiss. (*Compare* Dkt. 1-2 at 2, *with* Dkt. 14-2 at 8, Dkt. 14-3 at 2.) Plaintiff also states in his Complaint that he has attached "*the* EEOC Right to Sue Letter for Plaintiff," a clear acknowledgment that he only received one such letter. (Compl. ¶ 59.) (emphasis added.) Thus, the Court can — and should — consider the EEOC documents in ruling on Kirby's Motion to Dismiss as the documents are central to Plaintiff's claims. *See Issa*, 2024 WL 3153388, at *1.

Furthermore, the Court may take judicial notice of the EEOC documents as matters of public record — as this Court and other courts in this circuit do routinely. *See, e.g.*, *Royal v. Integreon, Inc.*, No. 1:19-CV-0822-RP-ML, 2021 WL 11679047, at *3 (W.D. Tex. Jan. 8, 2021), *report and recommendation adopted,* No. 1:19-CV-822-RP, 2021 WL 11679103 (W.D. Tex. Feb. 26, 2021); *Ellis v. Schneider Nat'l, Inc.*, 5:21-CV-00025, 2022 WL 22879669, at *3 (S.D. Tex. Mar. 28, 2022), *aff'd sub nom. Ellis v. Schneider Nat'l Carriers, Inc.*, 23-40611, 2024 WL 1693875 (5th Cir. Apr. 19, 2024); *Thomas v. Esper*, No. 5:18-CV-110-RWS-CMC, 2019 WL 3026951, at *3 (E.D. Tex. May 22, 2019), *report and recommendation adopted*, No. 5:18-CV-110-RWS-CMC, 2019 WL 3017418 (E.D. Tex. July 10, 2019).

### ii. **The Court may consider the Distributor Agreement attached to Kirby's Motion to Dismiss**.

This Court may also consider the Distributor Agreement because it is also central to Plaintiff's claim and referenced in Plaintiff's Complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("[B]ecause the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss."). In his Complaint, Plaintiff explicitly references the Distributor Agreement and relies upon it as his primary source of support for the proposition that Kirby "controls" Bradfute Enterprises' operations to such an extent that they should be considered "joint employers." (Compl. ¶ 19.) Plaintiff cannot ask this Court to ignore the actual content of the very document he cites in support of his claims.

### iii. **The documents attached to Kirby's Motion to Dismiss do not convert the Motion to Dismiss into a motion for summary judgment**.

In sum, the Court can consider the EEOC filings and the Distributor Agreement because the Plaintiff referenced these documents in his Complaint, and the Court may also take judicial notice of the EEOC filings. Alternatively, if the Court determines that one or more of these exhibits should not be considered at this stage, Kirby's Motion to Dismiss is not automatically converted to a motion for summary judgment. The Court may simply decide to ignore the exhibit(s) in question and rule under the motion to dismiss standard. *See, e.g.*, *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015) ("If the district court does not rely on materials in the record, such as affidavits, it need not convert a motion to dismiss into one for summary judgment."); *Sigaran v. U.S. Bank Nat. Ass'n*, 560 F. App'x 410, 415 (5th Cir. 2014).

6

**C. Plaintiff cannot allege facts to render plausible his conclusory and incorrect assertion that Kirby, Bradfute, and Bradfute Enterprises are all his joint employers.**

Not only does Plaintiff's failure to exhaust his administrative remedies warrant the dismissal of his Complaint with prejudice, his failure to allege sufficient facts to demonstrate his incorrect assertion that Kirby is Plaintiff's "joint employer, "agent," or "integrated enterprise," also warrants dismissal with prejudice. Instead of providing facts to support these claims, Plaintiff makes "threadbare recitals of the elements" of these theories of liability, which cannot suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal, "a plaintiff must plead specific facts." *Welch v. Wells Fargo Bank, N.A.*, No. CV H-12-1468, 2012 WL 13047695, at *2 (S.D. Tex. Dec. 17, 2012) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). Rather than allege any specific facts related to joint employment, agency, or an integrated enterprise, Plaintiff merely offers "legal conclusions masquerading as factual conclusions" about Defendants' relationship, which are not entitled to a presumption of truth. *Id.*

In his response to Defendants' motions to dismiss, Plaintiff invites this Court to credit his allegation that the Distributor Agreement gives Kirby the right to control Bradfute Enterprises' personnel decisions over the actual language of the Distributor Agreement, **which expressly disclaims any such right on the part of Kirby**. (Dkt. 14-1 at 3.) This Court should decline the invitation and defer to the evidence because Plaintiff effectively made the Distributor Agreement part of the pleadings by referencing it in his Complaint. *See Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 872 (W.D. Tex. 2001) ("[W]hen a plaintiff does not attach a pertinent document to the complaint and the document contradicts the complaint, a defendant may introduce the exhibit as part of his motion attacking the pleading." (cleaned up)).

Plaintiff's observation that Kirby may exercise a degree of control over how its products are sold is irrelevant to the question of whether Kirby was somehow Plaintiff's employer or liable under an agency theory. In support of his argument, Plaintiff relies primarily on *Read v. Scott Fetzer*, in which the plaintiff asserted that The Scott Fetzer Company ("Scott Fetzer")[1] breached a duty to take reasonable measures to prevent a door-to-door salesperson engaged by Scott Fetzer's distributors from committing reasonably foreseeable torts. 990 S.W.2d 732, 734–35 (Tex. 1998). Notably, the Texas Supreme Court did "not question" the independent contractor status of the door-to-door salespeople of Scott Fetzer's distributors. *Id.* at 735. Rather, the Texas Supreme Court merely applied the well-established principle that a general contractor may be directly liable for "failure to reasonably exercise the control it retained over an independent contractor." *Id.*

It is unsurprising that a jury may, in certain circumstances, deem companies that do business together joint tortfeasors. However, potential joint liability for common law negligence has no bearing whatsoever on whether the two entities are joint employers for purposes of **statutory employment discrimination claims**. *Johnson v. Scott Fetzer* is much more comparable to the facts of the present case because *Johnson* involved a claim by a distributor's salesperson against Scott Fetzer under the TCHRA. 124 S.W.3d 257 (Tex. App. 2003). *Johnson* analyzed the relationship between the salesperson of the distributor in the context of the TCHRA and Title VII and found that no employment relationship existed between Scott Fetzer and the salesperson under the economic realities/common law control test. *Id.*

Plaintiff's observation that *Johnson* proceeded past the pleading stage rings hollow because Plaintiff fails to articulate any factual allegations that would alter the *Johnson* court's well-reasoned (and common sense) conclusion that Kirby does not employ the countless individuals

---

[1] Up until June 2021, The Kirby Company was an unincorporated division of The Scott Fetzer Company. The Kirby Company's assets were sold to Kirby Opco, LLC in June 2021.

who work for or contract with its hundreds of distributors. Even at the motion to dismiss stage, "the Court need not accept as true Plaintiff's conclusory allegations regarding Defendants' legal status as joint employers." *Arif v. Bashir*, 4:20-CV-2704, 2021 WL 1147582, at \*5 (S.D. Tex. Mar. 10, 2021), *report and recommendation adopted*, 4:20-CV- 2704, 2021 WL 1143776 (S.D. Tex. Mar. 25, 2021).

Plaintiff fares no better with his inchoate agency theory. Plaintiff does not cite any authority that has held a company liable for statutory discrimination claims under an agency theory. That is unsurprising because applying an agency framework to Plaintiff's statutory claims would circumvent the ADA and TCHRA's charge-filing requirements.

### D. Plaintiff has fallen far short of his burden to plead fraud with particularity.

Plaintiff's fraud claim is premised on the theory that Kirby, Bradfute Enterprises, and David Bradfute — each and collectively as a group — somehow committed "fraud" by failing to accommodate Plaintiff's alleged disability despite promising to do so. Plaintiff cites no case that has recognized a fraud claim premised on an alleged failure to provide requested accommodations in the workplace. Thus, it appears that Plaintiff is attempting to circumvent the ADA and TCHRA's charge-filing requirements by making boilerplate allegations that the same facts underlying his ADA claim also constitute fraud. If plaintiffs were allowed to recast straightforward ADA claims as fraud claims, the ADA's remedial scheme would be eviscerated. Thus, Plaintiff should not be able to proceed with his threadbare fraud claim.

### E. Plaintiff should not be permitted to amend his complaint because any amendment would be futile.

Lastly, Plaintiff should not be permitted to amend his complaint because no good-faith amendment could sufficiently state a claim upon which relief could be granted. "Courts within the Fifth Circuit have denied leave to amend where the amendment would be futile because the

plaintiff failed to exhaust his administrative remedies." *Roberts v. Laredo Indep. Sch. Dist., No.* L-06-CV-79, 2007 WL 9761656, at *2 (S.D. Tex. Aug. 21, 2007) (collecting cases); *Trevino v. Pecan Deluxe Candy Co.*, No. 3:15-CV-3299-M-BH, 2016 WL 7192168, at *6 (N.D. Tex. Nov. 14, 2016), *report and recommendation adopted*, No. 3:15-CV-3299-M, 2016 WL 7217728 (N.D. Tex. Dec. 12, 2016).  Since Plaintiff has failed to exhaust his administrative remedies as to Kirby, any amendment would be futile. Additionally, since the Distributor Agreement explicitly states the relationship between Kirby and Bradfute Enterprises, no set of facts would show that Kirby was Plaintiff's employer. *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991) (amendment is futile when an agreement is unambiguous). Lastly, the deficiencies in Plaintiff's fraud claim cannot be cured because any amended claim would only be a technique to circumvent the ADA's exhaustion requirements.

## III.     CONCLUSION

WHEREFORE, Defendant Kirby Opco, LLC, respectfully requests that this Court dismiss the claims against it with prejudice and grant any other and further relief that it deems equitable and just.

Dated: October 31, 2024                                    Respectfully submitted,

                                                                                 KIRBY OPCO, LLC

                                                                                 _____
                                                                                 Andrew S. Murphy (#24080244)
                                                                                 TAFT STETTINIUS & HOLLISTER LLP
                                                                                 111 E. Wacker Drive, Suite 2600
                                                                                 Chicago, IL 60601
                                                                                 Phone: (312) 527-4000
                                                                                 Fax: (312) 527-4011
                                                                                 amurphy@taftlaw.com

                                                                                 *Counsel for Defendant Kirby Opco, LLC*