IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE OCHOA, JR., | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-24-CV-228-KC |
| | § | |
| BRADFUTE ENTERPRISES, LLC; | § | |
| DAVID BRADFUTE; and KIRBY | § | |
| OPCO, LLC d/b/a THE KIRBY | § | |
| COMPANY, READIVAC, and | § | |
| KIRBY, | § | |
| | § | |
|   Defendants. | § | |

## ORDER

On this day, the Court considered Defendant Kirby Opco, LLC's Motion to Dismiss

("Kirby Mot."), ECF No. 14, and Defendants Bradfute Enterprises, LLC and David Bradfute's

Joint Motion to Dismiss ("Bradfute Mot."), ECF No. 17.  For the following reasons, the Motions

are **GRANTED** in part and **DENIED** in part.

## I.    BACKGROUND

### A.    Factual Allegations

Plaintiff Jose Ochoa, Jr. alleges that Defendants Kirby, Bradfute Enterprises, and David

Bradfute conspired to fraudulently induce him to work at Bradfute Enterprises, discriminated

against him because of his disability, and then retaliated against him for requesting a reasonable

accommodation.  Compl. ¶¶ 47–54, ECF No. 1.  The following facts are derived from the

allegations in Ochoa's Complaint and are taken as true for the purposes of adjudicating the

Motions.  *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

Bradfute Enterprises is a distributor for Kirby, selling Kirby vacuum cleaners through

live, in-home sales demonstrations.  Compl. ¶ 14.  Kirby exercises control over Bradfute

Enterprises' hiring and personnel decisions.  *Id.*  Bradfute Enterprises is managed by David

Bradfute and employs "at least 20 employees," while Kirby has "thousands."  *Id.* ¶ 15.

Ochoa's right leg was amputated in September 2017, requiring him to use a wheelchair

for mobility.  *Id.* ¶ 22.  In December 2022, a Kirby hiring representative interviewed Ochoa for a

position as an "Outbound Appointment Setter" at Bradfute Enterprises.  *Id.* ¶¶ 21, 23.  During

the interview, Ochoa requested a "wheelchair accessible workplace," because of his disability.

*Id.* ¶ 24.  The Kirby hiring representative assured Ochoa that Bradfute Enterprises would

accommodate his request.  *Id.* ¶ 25.

But Ochoa alleges that the hiring representative knew this statement was false because

David Bradfute and Bradfute Enterprises had no intention of providing a wheelchair-accessible

workplace.  *Id.* ¶ 26.  Ochoa contends that this misrepresentation was made to induce him into

accepting the job offer, which he did in January 2023.  *Id.* ¶¶ 27–29.

Upon starting at Bradfute Enterprises, Ochoa discovered that the workplace was

inaccessible.  The doorways were too narrow for his wheelchair, forcing him to "hop on one leg

to get through," which he describes as both "dangerous and humiliating."  *Id.* ¶¶ 30–31.  Further,

vacuum cleaners lined the walls, obstructing the hallway and the men's restroom, further limiting

his mobility around the office.  *Id.* ¶ 32.

On January 31, 2023, Ochoa attempted to use the restroom.  *Id.* ¶ 34.  Due to the

inaccessibility, he had to leave his wheelchair outside, steady himself with one hand on the

doorframe and the other on the sink, and hop inside.  *Id.* ¶¶ 34–36.  The force of his hand on the

sink caused it to detach from the wall, sending Ochoa crashing to the ground.  *Id.* ¶ 37.  He had

to crawl across the wet restroom floor, in pain, to retrieve his wheelchair.  *Id.*  The incident was

witnessed by other Bradfute Enterprise employees. *Id.* Ochoa reported the fall and his pain to his supervisor, Brandon, whose last name is unknown to Ochoa. *Id.* ¶ 38. Brandon did not offer medical assistance or call for an ambulance. *Id.*

The following day, Ochoa awoke in "excruciating pain," and sought medical treatment. *Id.* ¶ 39. At the hospital, he learned that he likely had a torn rotator cuff in his right shoulder. *Id.* ¶ 40. After being released two days later, Ochoa attempted to return to work. *Id.* ¶ 41. However, upon arriving, his injuries prevented him from lifting his wheelchair out of his truck. *Id.* He called Brandon for assistance, but Brandon refused, telling him "no one will come help," and instructing him to "go home." *Id.* ¶¶ 41–42.

From that day through March 2023, Brandon repeatedly told Ochoa over the phone and through text message that he was not allowed to return to work. *Id.* ¶ 43. On March 8, Ochoa informed Brandon that he had received a prosthetic leg and no longer needed a wheelchair, meaning he could return to work. *Id.* ¶ 44. A week later, however, Brandon called Ochoa again and told him he was still not allowed to return and should "look elsewhere" for employment. *Id.* ¶ 45.

### B.    Procedural History

On July 7, 2023, Ochoa filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Kirby Mot. Ex. 2 ("EEOC Charge"), at 7, ECF No. 14-2. The EEOC Charge includes a list of protected characteristics and activities under which a plaintiff may allege discrimination—Ochoa checked the box for both retaliation and disability. *Id.* The form also contains a section labeled "Particulars," where claimants describe the factual basis for their allegations. Ochoa used this section to outline some of the facts underlying his Charge. *Id.* at 7–8. His allegations in the "Particulars" section largely track the allegations in his

Complaint.  However, the Charge names only Bradfute Enterprises as a respondent and does not

reference Kirby.  *See generally* EEOC Charge.  The Charge also indicates that it was dual-filed

with the Texas Workforce Commission Civil Rights Division ("TWC") for violations of the

Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, *et seq.* ("TCHRA").  EEOC

Charge 7.  The EEOC ultimately dismissed Ochoa's charge "because the respondent employs

less than the required number of employees or is not covered by the laws enforced by EEOC,"

and issued a "Right to Sue" letter on May 3, 2024.  Compl. Ex. A, ECF No. 1-2, at 1.

Ochoa filed his Complaint on July 5, 2024, bringing claims of discrimination and

retaliation under the ADA and TCHRA, as well as common-law claims of fraud and conspiracy.

Compl. ¶¶ 47–54.  Kirby moved to dismiss on August 22, 2024.  *See generally* Kirby Mot.  Then

the Bradfute Defendants filed their joint Motion to Dismiss on September 23.  *See generally*

Bradfute Mot.  Both Motions sought dismissal of all claims.  Ochoa filed Responses to both

Motions on October 17.  *See* Resp. Kirby, ECF No. 21; Resp. Bradfute, ECF No. 22.  Kirby and

the Bradfute Defendants filed their Replies on October 31.  *See* Kirby Reply, ECF No. 24;

Bradfute Reply, ECF No. 25.

## II.    DISCUSSION

### A.    Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it

fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a

Rule 12(b)(6) motion, "the court must accept all well-pleaded facts as true and view them in the

light most favorable to the plaintiff."  *Calhoun*, 312 F.3d at 733 (citation omitted); *see also*

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Though a complaint

need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts

"to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citation omitted)); *see also Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up); *Colony Ins. Co.*, 647 F.3d at 252. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A plaintiff's allegations of fraud, however, are subject to the more demanding pleading requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that when a plaintiff alleges fraud or mistake, they "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* "What constitutes 'particularity' will necessarily differ with the facts of each case and hence the Fifth Circuit has never articulated the requirements of Rule 9(b) in great detail." *Gomilla v. Bracco Diagnostics, Inc.*, No. 18-cv-10212, 2019 WL 2869077, at *2 (E.D. La. July 3, 2019) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)).

But the Fifth Circuit has generally held that plaintiffs must sufficiently detail "the who,

what, when, and where" of the alleged fraud.  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178

(5th Cir. 1997); *see also Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th

Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).  These requirements are

"not a straitjacket," and the application of Rule 9(b) must be "context specific and flexible."

*U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009).  In applying Rule 9(b), the

focus of courts should be on ensuring that the "complaint 'provides defendants with fair notice of

the plaintiffs' claims. . . .'" *Id.* at 190 (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir.

1994)).

### B.    Analysis

Defendants move to dismiss Ochoa's claims on multiple grounds.  First, Kirby argues

that Ochoa failed to administratively exhaust his TCHRA claims against all Defendants, and his

ADA claims against Kirby.  Kirby Mot. 7–8.  Second, Defendants argue that Ochoa's

discrimination and retaliation claims under the ADA and TCHRA fail because he has not

plausibly alleged that Bradfute Enterprises qualifies as an "employer" under either statute, that

he had an independent employment relationship with Kirby, or that the two entities formed a

joint enterprise.  *Id.* at 8–11; Bradfute Mot. 6–10.  Third, Defendants argue that Ochoa's fraud

claim must be dismissed for failing to meet Rule 9(b)'s heightened pleading standard.  Kirby

Mot. 11–12; Bradfute Mot. 4–5.  And finally, the Bradfute Defendants assert that Ochoa's

conspiracy claim is deficient because he has not sufficiently pleaded its required elements.

Bradfute Mot. 5.

### 1.    Consideration of Documents Outside the Pleadings

As an initial matter, Defendants attach several documents to their respective Motions.

Kirby submits its Distributor Agreement with Bradfute Enterprises, Ochoa's EEOC Charge, and

Bradfute Enterprises' Position Statement—i.e., its response to Ochoa's EEOC Charge.  *See*

6

Kirby Mot. Exs. 1–3, ECF Nos. 14-1–14-3.  The Bradfute Defendants submit David Bradfute's Declaration and Bradfute Enterprises' Tax Returns.  *See* Bradfute Mot. Exs. 1–2, ECF No. 17–1.

When evaluating a motion to dismiss under Rule (12)(b)(6), courts are generally confined to the pleadings, and documents outside the pleadings are thus presumptively excluded.  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).  An exception exists, however, when a defendant attaches documents that are both referenced in the plaintiff's complaint and central to the plaintiff's claims.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Morgan Stanley Dean Witter*, 224 F.3d at 498–99).  Additionally, even at the 12(b)(6) stage, courts may take judicial notice of "[s]pecific facts . . . which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy."  *Turner v. Lieutenant Driver*, 848 F.3d 678, 692 n.63 (5th Cir. 2017) (quoting *Weaver v. United States*, 298 F.2d 496, 498 (5th Cir. 1962)).  Courts in this Circuit have routinely held that this includes the filing and contents of relevant EEOC documents.  *See, e.g.*, *EEOC v. AOD Ventures, Inc.*, No. 21-cv-418, 2022 WL 4367199, at *1 & n.1 (E.D. Tex. Mar. 31, 2022); *Bustos v. United Parcel Serv., Inc.*, No. 19-cv-2979, 2020 WL 2529384, at *2 (S.D. Tex. Apr. 29, 2020), *adopted*, 2020 WL 2528540 (May 18, 2020); *Thomas v. Esper*, No. 18-cv-110, 2019 WL 3026951, at *2, 3 (E.D. Tex. May 22, 2019) (collecting cases), *adopted*, 2019 WL 3017418 (July 10, 2019).

### a.     The Court considers the EEOC documents and the Distributor Agreement.

First, Ochoa's Complaint expressly references and relies on his EEOC Charge, which is central to his claims.  *See* Compl. ¶¶ 48, 59; *id.* Ex. A; *see also Warden v. James Hardie Bldg. Prods., Inc.*, No. 20-cv-3431, 2022 WL 48389, at *2 (N.D. Tex. Jan 5, 2022) ("[A]n EEOC Charge constitutes a document 'central to the plaintiff's claim,' thus permitting consideration of

a charge attached to a motion to dismiss." (citations omitted)).  And the Court may take judicial notice of the Position Statement, even though it is not referenced in Ochoa's Complaint.  *See, e.g.*, *Hamilton v. Promise Healthcare*, No. 23-30190, 2023 WL 6635076, at *3 (5th Cir. Oct. 12, 2023) (taking judicial notice of EEOC questionnaire and considering it at 12(b)(6) stage, despite it not being referenced in complaint).  As with other public records, however, courts consider these documents at the 12(b)(6) stage "only for the purpose of determining what statements they contain, and not for proving the truth of their contents."  *Firefighters Pension & Relief Fund v. Bulmahn*, 53 F. Supp. 3d 882, 892 (E.D. La. 2014) (citations omitted) (considering public securities disclosures); *accord Nix v. Major League Baseball*, No. 21-cv-4180, 2022 WL 2118986, at *5 (S.D. Tex. June 13, 2022) (considering state and federal court filings).

Second, the Court may consider the Distributor Agreement between Kirby and Bradfute Enterprises attached to Kirby's Motion.  The Complaint repeatedly references the Agreement, and it is central to Ochoa's claims.  *See* Compl. ¶¶ 19, 55, 57.  Ochoa does not challenge the Agreement's authenticity or validity.  *See* Resp. Kirby 5–6.  Courts consider contracts at the motion-to-dismiss stage where, as here, there is no dispute that the attached document is the same contract referenced in the complaint.  *See AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 401 (W.D. Tex. 2023) (citing *M-1 LLC v. Enventives, LLC*, No. 17-cv-3275, 2018 WL 2376503, at *3 (S.D. Tex. Apr. 26, 2018), *adopted*, 2018 WL 2371038 (May 24, 2018)); *see also In re Katrina Canal Breaches, Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

   **b.**  **The Court does not consider David Bradfute's Declaration or Bradfute Enterprises' Tax Returns.**

As to David Bradfute's Declaration and Bradfute Enterprises' Tax Returns, neither document is referenced in Ochoa's Complaint, much less central to his claims.  *See generally* Compl.  Nor do the Bradfute Defendants offer any justification for considering these extraneous

materials.  *See generally* Bradfute Mot.  Indeed, declarations and tax records are paradigmatic

examples of evidence that courts ordinarily decline to consider under Rule 12(b)(6).  *See, e.g.*,

*Great Lakes Ins., S.E. v. Gray Grp. Invs. LLC*, 550 F. Supp. 3d 364, 370 (E.D. La. 2021)

(declining to consider declaration); *O'Neal v. Campbell*, No. 09-cv-110, 2009 WL 3489868, at

*4 (S.D. Miss. Oct. 23, 2009) (declining to consider tax returns).

Therefore, as for the Declaration and the Tax Returns, the Court has two options:  It may

disregard the extraneous evidence and treat the Bradfute Motion as a motion to dismiss, or it may

consider the evidence and convert the Motion into one for summary judgment.  *Ware v.*

*Associated Milk Producers Inc.*, 614 F.2d 413, 414–15 (5th Cir. 1980) (citing 5 Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (3d ed.)).  The Court has

"complete discretion" in deciding how to proceed.  *Id.*; *see also Almaguer v. Chacon*, No. 2:04-

cv-23-AML, 2006 WL 8433819, at *5 n.11 (W.D. Tex. Sept. 5, 2006), *adopted*, 2006 WL

8433822 (Sept. 15, 2006).  Because this case is in its early stages and the parties have not had an

adequate opportunity to conduct discovery, the Court declines to convert the motion into one for

summary judgment.  *See* Scheduling Order, ECF No. 28; *U.S. Bank Nat'l Ass'n v. Denning*, No.

1:15-cv-239-RP, 2015 WL 5308195, at *2 (W.D. Tex. Sept. 10, 2015) (citing *General Retail*

*Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007)); *see also*

*Amezaga v. Reliance Standard Life Ins. Co.*, No. 3:17-cv-120-DCG, 2017 WL 7789270, at *2

(W.D. Tex. Sept. 7, 2017) (declining to convert motion to dismiss where briefing on extraneous

evidence was inadequate).

In sum, the Court considers Ochoa's EEOC Charge, Bradfute Enterprises' Position

Statement, and the Distributor Agreement as part of the pleadings.  But it does not consider

David Bradfute's Declaration or Bradfute Enterprises' Tax Returns.

### 2.    Administrative Exhaustion Requirements

Kirby makes two administrative exhaustion arguments.  First, Kirby argues that Ochoa has not plausibly alleged that he exhausted his TCHRA claims, because he did not attach a right-to-sue letter from the TWC, nor "even allege that he received such a letter."  Kirby Mot. 3, 6, 7–8.  Second, Kirby argues that none of Ochoa's claims—state or federal—were exhausted as to Kirby, because Kirby was not referenced in Ochoa's predicate EEOC Charge.  *Id.* at 7–8.

Before filing an ADA or TCHRA claim in federal court, a plaintiff must first exhaust their administrative remedies.  *Williams v. Tarrant Cnty. Coll. Dist.*, 717 F. App'x 440, 445 (5th Cir. 2018) (citations omitted); *see also Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).  This requires filing a timely charge with the appropriate administrative agency and obtaining a right-to-sue letter.  *Garcia v. Randall's Food & Drugs, LP*, No. 13-cv-1248, 2014 WL 12591882, at *1 (N.D. Tex. June 24, 2014) (citing *Subbiah v. Kiel*, 850 F. Supp. 2d 653, 658 (N.D. Tex. 2011)).  A plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful discriminatory employment action.  *Harris v. S. Atl. Galvanizing Steel Inc.*, No. 21-cv-86, 2022 WL 805881, at *2 (N.D. Miss. Mar. 15, 2022).

Administrative exhaustion, under both statutes, is non-jurisdictional.  *See Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 810 (5th Cir. 2011); *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 169–70 (5th Cir. 2014).  This means that administrative exhaustion, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).  But even though exhaustion of administrative remedies "is not a jurisdictional requirement," it remains a "precondition to filing suit."  *S.C. v. Round Rock Indep. Sch. Dist.*, No. 1:19-cv-1177-SH, 2020 WL 1446857, at *4 (W.D. Tex. Mar. 25, 2020) (quoting *Story v. Gibson ex rel. Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir.

2018)).  Thus, absent waiver or certain equitable considerations, courts must dismiss unexhausted ADA and TCHRA claims.  *See id.* (citing *Story*, 896 F.3d at 698).

When assessing exhaustion, "the scope of an EEOC complaint should be construed liberally."  *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (quoting *Patton v. Jacobs Eng'g Grp. Inc.*, 874 F.3d 437, 443 (5th Cir. 2017)).  Courts consider not only the "administrative charge itself," but also the scope of the EEOC investigation that can "reasonably be expected to grow out of the charge of discrimination."  *Id.* (quoting *Patton*, 874 F.3d at 443).

Finally, because failure to exhaust administrative remedies is a non-jurisdictional affirmative defense, the burden is on the defendant to prove that the plaintiff has not satisfied the administrative exhaustion requirement.  *Thomas v. McDonough*, No. 22-cv-2272, 2024 WL 1319727, at *2 (N.D. Tex. Mar. 26, 2024) (citations omitted); *Clemmer v. Irving Indep. Sch. Dist.*, No. 13-cv-4997, 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015) (collecting cases).  Accordingly, dismissal for failure to exhaust at the motion-to-dismiss stage is only appropriate if the pleadings clearly establish that the claim is barred.  *See Thomas*, 2024 WL 1319727, at *2 (citations omitted).

### a.    Ochoa has plausibly alleged that he exhausted his TCHRA claims with the TWC.

First, Kirby argues that Ochoa's TCHRA claims should be dismissed for failure to exhaust because Ochoa has not shown that he received a right-to-sue letter from the TWC.  Kirby Mot. 8.  But, as explained, failure to exhaust is an affirmative defense, and dismissal on that basis is thus appropriate "only if the defense is evident" on the face of the pleadings.  *Luebano v. Off. Depot, L.L.C.*, No. 22-50767, 2023 WL 4249268, at *3 (5th Cir. June 29, 2023) (citing *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006)).  Here, no such deficiency appears, either on the face of Ochoa's Complaint, or in the

extraneous documents incorporated by reference.  In fact, he affirmatively alleges that he has

exhausted his administrative remedies.  *See* Compl. ¶ 48 ("[A]ll conditions precedent to the filing

of this action have occurred or have been fulfilled.").  And his EEOC Charge corroborates this

allegation.  EEOC Charge 7 (filling in "Texas Workforce Commission – Civil Rights Division"

on the "State or local Agency, if any" line on the Charge).  This suffices to establish dual filing.

*See Bunker v. Dow Chem. Co.*, 111 F.4th 683, 687 (5th Cir. 2024).  And while Ochoa will

ultimately need to provide evidence that he received not just an EEOC right-to-sue letter but also

a TWC right-to-sue letter, *see Vielma v. Eureka Co.*, 218 F.3d 458, 463–68 (5th Cir. 2000), it is

not his burden to submit such a letter at this stage, *see Norbert v. La. Med. Ctr.*, No. 05-cv-1650,

2006 WL 8434948, at *3 (W.D. La. July 11, 2006) ("no requirement" that a plaintiff attach "the

right to sue letter to the complaint"); *see also, e.g.*, *Dye v. IASIS Glenwood Reg'l Med. Ctr. LP*,

No. 18-cv-981, 2018 WL 5660319, at *4 (W.D. La. Oct. 9, 2018), *adopted*, 2018 WL 5660299

(Oct. 31, 2018); *Ballesteros v. Travis County*, No. 1:09-cv-280-LY, 2009 WL 10699878, at *3

(W.D. Tex. Dec. 17, 2009), *adopted*, 2010 WL 11601078 (Jan. 26, 2010).

Accordingly, Kirby's Motion is denied in part as to the request to dismiss Ochoa's

TCHRA claims for failure to exhaust administrative remedies.  *See Luebano*, 2023 WL 4249268,

at *3 (reversing dismissal where pleadings did not establish failure to exhaust).

### b.    Ochoa has plausibly alleged that he exhausted his claims against Kirby, despite not naming Kirby in his EEOC Charge.

Next, Kirby argues that Ochoa's alleged exhaustion of administrative remedies with

respect to Bradfute Enterprises does not extend to Kirby, because Kirby was not referenced in

the EEOC charge.  Kirby Mot. 7–8.

Under the Fifth Circuit's approach to administrative exhaustion, a plaintiff typically

cannot sue a party under the ADA unless that party was named in the EEOC charge.  *West v.*

*R&K Enter. Sols.*, No. 23-cv-1371, 2024 WL 3891533, at *9 (N.D. Tex. July 19, 2024) (citations omitted), *adopted*, 2024 WL 3891838 (Aug. 21, 2024); *Alrweni v. Accenture Flex LLC*, No. 1:21-cv-296-RP, 2021 WL 5203334, at *1–2 (W.D. Tex. Nov. 9, 2021) (citations omitted). However, there are three exceptions to this general rule, one of which applies when there is a clear identity-of-interest between the unnamed and named parties. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 482–83 (5th Cir. 2014), *as revised* (Sept. 18, 2014); *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1998) (citation omitted). Identity-of-interest determinations are governed by a four-factor test: (1) whether the unnamed party's role could have been reasonably ascertained at the time the EEOC Charge was filed; (2) whether the named and unnamed parties' interests are so similar that including the unnamed party in the EEOC process would have been unnecessary for voluntary conciliation and compliance; (3) whether the unnamed party suffered actual prejudice by being excluded from the EEOC proceedings; and (4) whether the unnamed party represented to the complainant that their relationship was through the named party. *Simbaki*, 767 F.3d at 482–83 (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).

  This test is non-exhaustive, and no single factor is dispositive. *See Glus*, 562 F.2d at 888; *Mace v. Republic Health Corp. of Rockwall Cnty.*, No. 21-cv-1709, 2022 WL 2918107, at *5 (N.D. Tex. July 25, 2022) (citing *Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U.A.*, 657 F.2d 890, 908 (7th Cir. 1981)). Because it is fact-intensive, the identity-of-interest issue is not often capable of resolution at the motion-to-dismiss stage. *See Heckman v. TransCanada USA Servs., Inc.*, No. 18-cv-375, 2021 WL 1180785, at *8 (S.D. Tex. Mar. 10, 2021) (citations omitted), *adopted*, 2021 WL 1180714 (Mar. 29, 2021); *Jones v. Tubal-Cain Hydraulic Sols., Inc.*, No. 16-cv-1282, 2017 WL 1177995, at *4 (S.D. Tex. Mar. 30, 2017) (citations omitted).

Here, neither Kirby nor Ochoa directly address the identity-of-interest factors.  But

Ochoa alleges that Bradfute Enterprises is Kirby's distributor and that Kirby controls Bradfute

Enterprises' hiring and personnel decisions.  Compl. ¶ 14.  Ochoa alleges that he himself was

interviewed and hired to work for Bradfute by a Kirby hiring representative.  *Id.* ¶¶ 21–25.  He

further asserts, in general terms, that the two entities are joint employers, constitute an integrated

enterprise, and act as one another's agents.  *Id.* ¶¶ 16–18.

Courts have declined to dismiss claims at the pleading stage when the complaint

contained similar, or lesser, allegations against a defendant that was not named in the plaintiff's

EEOC Charge.  For example, in *Obinyan v. Prime Therapeutics LLC*, the plaintiff did not name

Walgreens Specialty Pharmacy Holdings, LLC ("WSPH"), in his EEOC charge.  No. 18-cv-933,

2019 WL 5647955, at *3 (N.D. Tex. Oct. 31, 2019).  When WSPH moved to dismiss, the

plaintiff responded that WSPH and a named defendant "became a combined entity" during his

employment.  *Id.*  Although the plaintiff had not initially pleaded this fact, the court denied

WSPH's motion, finding that it could not determine from the pleadings alone whether WSPH

and the named defendant lacked an identity of interest.  *Id.*  Likewise, in *Jones v. Tubal-Cain*

*Hydraulic Solutions, Inc.*, the court denied a motion to dismiss a defendant that had not been

named in the plaintiff's EEOC charge, concluding that the record was not developed enough to

apply the identity-of-interest test.   2017 WL 1177995, at *4.  The court explained that, based on

the pleadings, it could not determine whether the plaintiff should have known of the unnamed

defendant's role, whether the unnamed defendant suffered prejudice, or whether it had

represented to the plaintiff that its relationship was through the named party.  *Id.*

As explained, administrative exhaustion is an affirmative defense, meaning the burden is

not on Ochoa to prove an identity of interest between Kirby and Bradfute Enterprises at this

stage. Instead, the question is whether "based solely on the face of the complaint," the Court can definitively conclude that no such identity exists. *Obinyan*, 2019 WL 5647955, at *3. And here, the pleadings do not foreclose a favorable finding on any of the four identity-of-interest factors.

First, the record does not establish whether Ochoa could have identified Kirby at the time he filed his EEOC Charge. While he alleges that he met and was hired by a Kirby representative, he does not state that he knew the representative worked for Kirby at the time of the interview. In fact, he alleges that the representative explicitly told him they were from "Bradfute Enterprises." Compl. ¶ 23. It is therefore plausible that he only recognized the representative's affiliation with Kirby after the fact—making it equally plausibly that he was unaware of Kirby's own role when he filed his EEOC Charge. Second, Ochoa alleges that Kirby and Bradfute Enterprises are joint employers and constitute a joint enterprise. If so, their interests may have been sufficiently aligned to render voluntary conciliation unnecessary. *See, e.g.*, *Obinyan*, 2019 WL 5647955, at *3; *see also, e.g.*, *Razien v. Micro Focus Int'l PLC*, No. 1:16-cv-1209-LY, 2017 WL 1483574, at *5 (W.D. Tex. Apr. 25, 2017) (dismissing an unnamed defendant where plaintiff failed to allege joint employer status), *adopted sub nom. Razien v. Micro Focus (US), Inc.*, 2017 WL 5644381 (July 25, 2017), *aff'd*, 713 F. App'x 350 (5th Cir. 2018). Third, nothing in the pleadings suggests that Kirby "suffered actual prejudice" from being excluded from the EEOC proceedings. Indeed, Bradfute Enterprises' Position Statement acknowledged its role as Kirby's distributor, *see* Kirby Mot. Ex. 3, at 1, indicating that the EEOC's investigation may have already encompassed Kirby. *See, e.g.*, *Mayes v. EnPro Assocs., LLC*, No. 21-cv-203, 2022 WL 16040878, at *6 (N.D. Ga. Mar. 1, 2022), *adopted sub nom. Mayes v. EnPro Assocs.*, 2022 WL 15993373 (Mar. 16, 2022). Finally, even assuming Ochoa could have identified Kirby before filing his EEOC Charge, it is plausible that Kirby represented to him that their legal

relationship was to be conducted solely through Bradfute Enterprises.

Ultimately, as in *Jones*, the current record does not permit the Court to determine whether the identity-of-interest test weighs against Ochoa.  2017 WL 1177995, at *4.  Accordingly, the Court declines to dismiss Ochoa's claims against Kirby for failure to name it in the EEOC Charge and finds that he has plausibly exhausted all his claims against all Defendants.  *See, e.g.*, *Steward v. Aries Freight Sys., L.P.*, No. 07-cv-1651, 2007 WL 3001660, at *4 (S.D. Tex. Oct. 12, 2007) ("At the very least, this [c]ourt should not dismiss the case based on a lack of identity of interest before the record is fully developed and all of the *Glus* factors can be equitably weighed." (quoting *EEOC v. Jeff Wyler Eastgate, Inc.*, No. 03-cv-662, 2006 WL 2785774, at *5 (S.D. Ohio Jan. 9, 2006) (alteration in original))).

### 3.    Ochoa's ADA and TCHRA Claims.

The Bradfute Defendants argue that Ochoa's claims under both Title I of the ADA and the TCHRA fail because he has not plausibly alleged that Bradfute Enterprises meets the statutes' definition of "employer."  Bradfute Mot. 6–7.  And Kirby contends that Ochoa has failed to state a claim under either statute because he has not plausibly alleged that he had an employment relationship with Kirby.  Kirby Mot. 8–11.  Ochoa alleges both that Kirby and Bradfute Enterprises were his joint employers and that they formed a joint enterprise.[1]  Compl. ¶¶ 55–56.

To establish liability under both the ADA and TCHRA, a plaintiff must show that the defendant qualifies as an "employer" under the statutes and that an employment relationship

---

[1] It is unclear whether Ochoa is also bringing his ADA and TCHRA claims against David Bradfute.  *See* Compl. ¶¶ 55–56.  To the extent he is, however, those claims are dismissed:  There is no individual liability under either the ADA or TCHRA.  *Estrada v. Nehls*, 524 F. Supp. 3d 578, 597 (S.D. Tex. 2021) (citation omitted) (ADA), *aff'd*, No. 21-20160, 2022 WL 2113614 (5th Cir. June 13, 2022); *R&K Enter. Sols.*, 2024 WL 3891533, at *8 (TCHRA).

existed between the plaintiff and that defendant.  *See Patterson v. Yazoo City*, 847 F. Supp. 2d

924, 932 (S.D. Miss. 2012) (ADA), *aff'd*, 519 F. App'x 838 (5th Cir. 2013); *Lloyd v. Birkman*,

127 F. Supp. 3d 725, 749 (W.D. Tex. 2015) (citation omitted) (TCHRA).  Both statutes define an

"employer" as a person engaged in an industry affecting commerce who has at least fifteen

employees for each working day in twenty or more calendar weeks during the current or

proceeding year, or as an agent of such a person.  42 U.S.C. § 12111(5)(A); Tex. Labor Code

§ 21.002(8)(A)–(B); *see also Parrish v. Eng.*, No. 18-cv-679, 2018 WL 5624203, at *2 (N.D.

Tex. Oct. 15, 2018), *adopted*, 2018 WL 5620462 (Oct. 30, 2018).  Because both statues also

apply the same definition of an "employment relationship," the Court analyzes Kirby and

Bradfute Enterprises' status as Ochoa's employer under the ADA and TCHRA together.  *See*

*Harkey v. NextGen HealthCare, Inc.*, No. 21-50132, 2022 WL 2764870, at *3 (5th Cir. July 15,

2022) (citing *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 n.2 (5th Cir. 2019)).

     Courts use two tests to determine whether an employment relationship exists between a

plaintiff-employee and an alleged defendant-employer: the hybrid economic realities/common

law control test and the single employer test (also known as the *Trevino* test).  *Schweitzer v.*

*Advanced Telemarketing Corp.*, 104 F.3d 761, 763–64 (5th Cir. 1997).[2]

     The hybrid test has two components.  *Id.* at 764 n.1 (citations omitted).  First, the

economic-realities component "asks whether putative employees, 'as a matter of economic

reality, are dependent upon the upon the business to which they render service.'"  *Juino v.*

*Livingston Par. Fire Dist. No. 5,* 717 F.3d 431, 434 (5th Cir. 2013) (quoting *Diggs v. Harris*

*Hosp.-Methodist, Inc.*, 847 F.2d 270, 272 n.3 (5th Cir. 1998)).  However, the test's "most

---

[2] While *Schweitzer* addressed a claim under the Age Discrimination in Employment Act (ADEA), the same two-step test applies to ADA actions.  *See, e.g., Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 & n.2, 228 n.4 (5th Cir. 2015); *Malone v. Gen. Motors Fin. Co., Inc.*, No. 19-cv-618, 2019 WL 6134348, at *3 (N.D. Tex. Nov. 19, 2019).

important component" is the second factor: "[t]he right to control an employee's conduct." *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 119 (5th Cir. 1993) (citing *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990)); *see also, e.g.*, *Simmons v. Serenity Outreach Ctr., LLC*, No. 23-cv-2129, 2023 WL 7498179, at *4–5 (E.D. La. Nov. 13, 2023).

In cases involving multiple defendants, courts first use the hybrid test to determine whether the plaintiff was an employee of any defendant. *Schweitzer*, 104 F.3d at 764.  If an employment relationship is established with one defendant "but questions remain" as to others, courts then apply the *Trevino* test to assess whether the defendants are sufficiently integrated to be considered a single employer. *Id.*  The *Trevino* test examines four factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983) (citations omitted).

### a.   Ochoa has plausibly alleged that Bradfute Enterprises was his "employer" under the ADA and TCHRA.

Bradfute Enterprises acknowledges that Ochoa has "established [that] Bradfute employed him," but contends that it is not a covered employer under the ADA or TCHRA because it "has never employed more than fifteen individuals." Bradfute Mot. 10, 1.  Ochoa, however, alleges that Bradfute Enterprises "employ[ed] at least twenty employees." Compl. ¶ 15.

In support of its position, the Bradfute Defendants submit David Bradfute's Declaration and Bradfute Enterprises' Tax Returns.  Bradfute Mot. Exs. 1–2.  However, as previously explained, the Court cannot consider these materials at this stage.  Therefore, the Court is left with competing allegations: Ochoa's assertion that Bradfute Enterprises employed at least twenty employees, and the Bradfute Defendants' assertion that it did not.

At this stage, the Court must accept Ochoa's well-pleaded factual allegations as true.

*Calhoun*, 312 F.3d at 733.  And taking Ochoa's allegations at face value, the Court finds that he

has plausibly alleged that Bradfute Enterprises employed the requisite number of employees

under the ADA and TCHRA.[3]  *See, e.g.*, *Azadpour v. Blue Sky Sports*, No. 17-cv-1335, 2018 WL

501521, at *3 (N.D. Tex. Jan. 5, 2018) (taking plaintiff's allegation that defendant entities

employed more than fifteen employees as true at motion-to-dismiss stage), *adopted*, 2018 WL

4898721 (Jan. 19, 2018); *Henderson v. Saf-Tech, Inc.*, No. 13-cv-1766, 2013 WL 6858503, at *3

(S.D. Tex. Dec. 20, 2013) (same).

Accordingly, and because the Bradfute Defendants do not otherwise contest the existence

of an employment relationship, the Court finds that Ochoa has plausibly alleged that Bradfute

Enterprises was his employer under the ADA and TCHRA.

> **b.      Ochoa has plausibly alleged an employment relationship with Kirby under the ADA and TCHRA.**

For its part, Kirby does not argue that it lacks the requisite number of employees under

the ADA or TCHRA.  Instead, it contends that Ochoa has not plausibly alleged that Kirby was

his joint employer, and thus that they had an employment relationship.  Kirby Mot. 8–11.  Ochoa

disagrees.  Resp. Kirby 8–9.

As discussed, the joint employer inquiry begins with the hybrid economic

realities/common law control test.  The economic realities component focuses on "who pays,

withholds taxes from, provides benefits to, and sets other terms and conditions of employment."

*United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 325 (5th Cir. 2016) (citing

*Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007)).

---

[3] Furthermore, although the EEOC dismissed the charges against Bradfute Enterprises because it found that they had an insufficient number of employees for ADA coverage, the Court cannot disregard Ochoa's well-pleaded factual allegations in favor of the EEOC's finding.  *See Teemac v. Henderson*, 298 F.3d 452, 455 (5th Cir. 2002) ("District courts cannot presume the correctness of the EEOC's factual findings." (citations omitted)).

The control component assesses whether the alleged employer had "the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Deal*, 5 F.3d at 119 (citations omitted). This test is "necessarily a fact-specific inquiry" and is typically applied at summary judgment, where courts may examine evidence beyond the pleadings. *Miller v. Sam Hous. State Univ.*, 986 F.3d 880, 890 (5th Cir. 2021) (quoting *Muhammad*, 479 F.3d at 382).

Here, Ochoa does not allege which entity paid him, withheld his taxes, or provided benefits. *See generally* Compl. Without such allegations, applying the economic realities factor is difficult. *See Juino*, 717 F.3d at 434. Still, the absence of these details is not dispositive. *See Hawkins v. TRT Holdings, Inc.,* No. 19-cv-1806, 2021 WL 149021, at *3 (N.D. Tex. Jan. 15, 2021) ("[N]ot all elements of the economic-realities test must be satisfied to establish an employment relationship." (citing *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012)). Indeed, the "control" component is the more significant element of the analysis, and where the two factors are in equipoise, the outcome of "the common law control [factor] is dispositive." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227–28 (5th Cir. 2015).

Ochoa alleges that Kirby "exercises control over the hiring and personnel decisions of . . . Bradfute Enterprises," including his own hiring. Compl. ¶¶ 14, 21. He further asserts that Kirby oversees Bradfute's sales operations and regulates how Bradfute employees conduct in-home sales demonstrations. *Id.* ¶ 19. Allegations like these—particularly that Kirby hired Ochoa and controlled Bradfute Enterprises' personnel decisions—have generally been found sufficient at the motion-to-dismiss stage to establish that a defendant had the right to control a plaintiff's employment. *See, e.g.*, *Miller*, 986 F.3d at 890 (finding dismissal premature where plaintiff alleged defendant influenced "personnel decisions"); *Hernandez v. Ho'olaulima Gov't Sols.,*

*LLC*, No. 3:23-cv-439-KC, 2024 WL 3648280, at *4 (W.D. Tex. Aug. 2, 2024) (plaintiff

plausibly alleged control where co-defendant hired her and directed her work); *cf. Williams v.*

*MMO Behav. Health Sys., LLC*, No. 16-cv-11650, 2018 WL 5886523, at *7 (E.D. La. Nov. 9,

2018) (allegation of control over personnel decisions sufficient to defeat defendant's motion for

summary judgment, despite fact that plaintiff did not provide "any evidence" regarding

economic realities factors).

Kirby argues that it is not Ochoa's joint employer, relying on: (1) the Distribution

Agreement between Kirby and Bradfute Enterprises, and (2) several decisions rejecting similar

claims that individuals affiliated with Kirby's distributors are Kirby employees.  Kirby Mot. 9–

10.

First, the Distribution Agreement—which, as previously explained, the Court may

consider at this stage—states that Bradfute Enterprises shall bear "[t]he full cost and

responsibility for recruiting, hiring, contracting with, firing, terminating, and compensating [its]

Employees and Contractors."  Kirby Mot. Ex. 1 ("Distrib. Agreement"), at 2, ECF No. 14-1.  It

further states that the Agreement should not be construed to create any relationship between

Kirby and Bradfute Enterprises "other than that of independent parties contracting with each

other solely for the purpose of carrying out the provisions of the Agreement."  *Id.*

While these provisions are not irrelevant, they are not dispositive at the motion-to-

dismiss stage.  Ochoa alleges that, notwithstanding the Agreement, Kirby hired him and

exercised control over Bradfute Enterprises' personnel decisions—and courts evaluating motions

to dismiss must interpret factual disputes and allegations in the plaintiff's favor, even when

documents incorporated-by-reference suggest otherwise.  *See Khoja v. Orexigen Therapeutics,*

*Inc.*, 899 F.3d 988, 1014–15 (9th Cir. 2018) ("The incorporation-by-reference doctrine does not

override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." (citation omitted)).  Moreover, courts do not presume that parties always adhere to contractual terms; if they did, breach-of-contract claims would be summarily dismissed.  *See Pribanic v. CP Energy, L.L.C.*, No. 7:17-cv-150-DC, 2018 WL 9391702, at *3 (W.D. Tex. Nov. 20, 2018) (listing "[w]hether the parties intended that the individual be an employee, as expressed in written agreements or contracts" as but one non-dispositive consideration in the common-law control test (quoting *Clackamas Gastroenterology Assoc., P.C. v. Wells*, 538 U.S. 440, 449–50 (2003) (alteration in original)); *cf. Chamber of Com. v. NLRB*, 723 F. Supp. 3d 498, 505 (E.D. Tex. 2024) ("[A]n entity cannot be deemed a joint employer simply because it had a contractual right to control workers, where the entity did not actually exercise that contractual right of control.")  Simply put, at this stage, the contractual disclaimer does not end the inquiry because the Court accepts Ochoa's version of events as true.

As to the historic cases involving Kirby distributors, first, in *Johnson v. Scott Fetzer Co.*, the plaintiff appealed a directed verdict at trial—not a motion to dismiss—and the appellate court affirmed, concluding that "Kirby did not have the right to hire and fire dealers like [plaintiff], the right to supervise [plaintiff], or the right to set [plaintiff's work schedule]," and holding that these decisions were reserved to Kirby's distributor.  124 S.W.3d 257, 263 (Tex. App. 2003).  While Kirby emphasizes this language, it overlooks that the decision arose from a fully developed trial record.  Kirby Mot. 9–10.  More importantly, Kirby's relationship with a different distributor over two decades ago has little, if any, bearing on its current relationship with Bradfute Enterprises or Ochoa.

Kirby also relies on *Ultimate Appliance CC v. The Kirby Co.*, No. 07-cv-24, 2008 WL 11404221 (N.D. Ohio Sept. 30, 2008), but that case is inapposite, too.  There, the court rejected

22

an attempt by a distributor entity itself to assert that it was employed by Kirby, explaining that "a corporation fails to state a claim for relief when it asserts a cause of action designed to protect individual employees." *Ultimate*, 2008 WL 11404221, at *7. In addition to the corporate plaintiff distinction, the case applied a different employment-relationship test under Sixth Circuit precedent. *Id.* at *7–8. And, as with *Johnson*, the court addressed Kirby's relationship with a different distributor, decades ago—a situation unrelated to the facts here.

Ultimately, neither argument undermines Ochoa's allegations. Thus, because Ochoa alleges that Kirby exercised control over his employment—including hiring him and directing Bradfute Enterprises' personnel decisions—he has plausibly alleged a joint-employment relationship. *See, e.g.*, *Hernandez*, 2024 WL 3648180, at *4; *MMO Behav. Health Sys.*, 2018 WL 5886523, at *7.

And because Bradfute Enterprises acknowledges an employer relationship with Ochoa, and Ochoa has plausibly alleged one with Kirby, the Court need not, at this time, determine whether Bradfute Enterprises and Kirby constitute a joint enterprise. *See Schweitzer*, 104 F.3d at 764; *Burton*, 798 F.3d at 228 n.4. Finally, neither Kirby nor Bradfute Enterprises moves to dismiss Ochoa's ADA and TCHRA disability discrimination and retaliation claims on any other grounds. *See generally* Kirby Mot.; Bradfute Mot. Therefore, because Ochoa has plausibly alleged administrative exhaustion and an employment-relationship with both Defendants, the Motions are denied in part and Ochoa's statutory claims remain pending.

### 4.     Ochoa's Common-Law Fraud and Conspiracy Claims.

Defendants next argue that Ochoa's claim for fraudulent inducement fails because he has not satisfied the requisite higher pleading standard for fraud claims, *see* Kirby Mot. 11–12; Bradfute Mot. 4–5, and the Bradfute Defendants argue that his conspiracy claim fails because he

has not plausibly alleged the necessary elements, *see* Bradfute Mot. 5.

>    **a.    Ochoa has not satisfied the heightened pleading standard for fraud.**

Defendants argue that Ochoa has "fallen far short of satisfying the heightened pleading standard for stating a claim of fraud."  Kirby Mot. 12; Bradfute Mot. 4–5.  Ochoa responds that his allegations meet the standard because he has stated the "who, what, when, where, and how" of his fraud claim.  Resp. Kirby 18–19.

To state a claim for common law fraud, Ochoa must allege that (1) Defendants knowingly or recklessly made a materially false representation; (2) Defendants intended Ochoa to act upon that representation; and (3) Ochoa justifiably relied on the representation and suffered injury as a result.  *W. Loop Hosp., LLC v. Hous. Galleria Lodging Assocs., LLC*, 649 S.W.3d 461, 484 (Tex. App. 2022).

Ochoa alleges that Defendants falsely represented that they would accommodate his disability by providing a wheelchair accessible workplace.  Compl. ¶ 25, 49.  He further alleges that Defendants made this promise to induce him to accept a job offer at Bradfute Enterprises, and that he relied on that representation to his detriment.  *Id*. ¶¶ 49–51.

Under Texas law, a promise of future performance is actionable as fraud if made with no intention of being fulfilled at the time it was made.  *Duplechaine v. PHH Mortg. Corp.*, No. 19-cv-340, 2021 WL 5154566, at *2 (S.D. Tex. Sept. 23, 2021) (citation omitted); *see also Fluor Daniel, Inc. v. Travis County*, No. 1:00-cv-21-SS, 2001 WL 36101284, at *11 (W.D. Tex. Dec. 11, 2001) (citation omitted).  Although mere non-performance is not enough to show fraudulent intent, "slight circumstantial evidence of fraud, when considered with the breach of a promise to perform, is sufficient."  *Maner v. Reprod. Rsch. Techs., LP*, No. 15-cv-1567, 2015 WL 6744326, at *6 (S.D. Tex. Nov. 4, 2015) (quoting *Columbia/HCA Healthcare Corp. v. Cottey*, 72 S.W.3d

735, 745 (Tex. App. 2002)).

Defendants contend, however, that Ochoa has not pleaded his fraud claim with sufficient particularity. Specifically, they argue that Ochoa has failed to specify the requisite "who, what, when, where, and how" of the alleged fraud. Kirby Mot. 12; Bradfute Mot. 4–5; *see also WMX Techs.*, 112 F.3d at 178 (outlining heightened-pleading standard).

The Court assumes without finding that Ochoa has sufficiently alleged the "what" (the false statement regarding reasonable accommodations), the "when" (December 2022), and the "how" (Defendants induced him to accept the job by falsely agreeing to provide accommodations). Compl. ¶¶ 22–27. However, his allegations fall short with respect to the "who" and the "where."

First, Ochoa identifies the speaker of the alleged misrepresentation only as a Kirby "hiring representative." *See* Compl. ¶ 23; Resp. Kirby 19. This is insufficient. In fraud claims, "corporate identity does not suffice; the name of the person at the company that made the statement must be plead[ed]."[4] *Emenogu v. Wells Fargo Bank, N.A.*, No. 12-cv-2413, 2013 WL 12141358, at *3 (S.D. Tex. Sept. 25, 2013) (citing *Sullivan*, 600 F.3d at 551); *see also Rhino Shield Gulf S., LLC v. RSUI Grp., Inc.*, No. 18-cv-11247, 2019 WL 461692, at *5 (E.D. La. Feb. 5, 2019) (dismissing fraud claim where plaintiffs failed to identify by name any individual who made the alleged misrepresentation); *Meyers v. Textron Fin. Corp.*, No. 11-cv-624, 2011 WL 4590796, at *1–2 (N.D. Tex. Oct. 4, 2011) (same).

Second, Ochoa provides no specifics regarding where the alleged misrepresentation took place beyond stating that it occurred during an "in-person hiring meeting." Resp. Kirby 19; Compl. ¶ 25. This generality too is inadequate. *See, e.g.*, *Patel v. Brighthouse Life Ins. Co.*, No.

---

[4] There are exceptions to this rule for cases involving identity concealment or far-reaching, complex fraud schemes. *See El Paso Disposal, LP v. Ecube Labs Co.*, --- F. Supp. 3d. ----, 2025 WL 517656, at *7 (W.D. Tex. 2025). No such exceptions apply here.

21-cv-1260, 2022 WL 2718553, at *6 (N.D. Tex. Jan. 25, 2022) (dismissing fraud claim where plaintiff failed to specify where the representations were made), *adopted as modified*, 2022 WL 2718217 (Feb. 9, 2022); *Paul v. Aviva Life & Annuity Co.*, No. 09-cv-1490, 2010 WL 5105925, at *8 (N.D. Tex. Dec. 14, 2010) (same).

"At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the persons making the misrepresentation . . . ." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2023) (citation omitted). Ochoa's failure to specify the "identity of persons making the misrepresentation" and "place" of the alleged fraud means he has failed to meet this standard. Accordingly, the Motions are granted in part and Ochoa's fraud claim is dismissed as to all Defendants.

### b.    Ochoa has not plausibly alleged conspiracy.

Finally, the Bradfute Defendants argue that Ochoa's conspiracy claims should be dismissed because he has not adequately pleaded the elements of civil conspiracy or alleged any facts supporting such a theory. Bradfute Mot. 5. Ochoa responds that the Complaint contains sufficient facts to "draw a reasonable inference on liability for conspiracy." Resp. Bradfute 19.

To state a claim for civil conspiracy under Texas law, a plaintiff must allege: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages proximately resulting from those acts. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 404–05 (5th Cir. 2013) (citing *Juhl v. Arlington*, 936 S.W.2d 640, 644 (Tex. 1996)). Civil conspiracy is a derivate tort, meaning that the "unlawful, overt act" element depends on participation in an underlying tort. *Centennial Banks v. Holmes*, 717 F. Supp. 3d 542, 582 (N.D. Tex. 2004) (citing *Tilton v.*

26

*Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)).  Thus, if the underlying tort claim fails, the

conspiracy claim necessarily fails as well.  *Tap Acquisition, Inc. v. Vianet Grp. PLC*, No. 14-cv-

3601, 2016 WL 8674576, at *4 (N.D. Tex. Oct. 14, 2016) (citing *Ernst & Young*, *LLP v. Pac.*

*Mut. Life Ins. Co.*, 51 S.W.3d 573, 582 (Tex. 2001)).

Ochoa alleges that Kirby, David Bradfute, and Bradfute Enterprises conspired to: (1)

make false statements to induce him into accepting employment at Bradfute Enterprises, and (2)

discriminate and retaliate against him.  Compl. ¶ 52.  As explained above, Ochoa's fraud

allegations are dismissed for failure to plead sufficiently particularized facts.  Thus, Ochoa's

conspiracy claim is dismissed to the extent it relies on fraud as its object.

While the Court has not yet determined whether Ochoa has sufficiently pleaded

discrimination or retaliation under the ADA—the underlying tort for his remaining conspiracy

claim—it need not do so to resolve this issue.  "To allege a meeting of the minds, a plaintiff must

assert 'specific intent to agree to accomplish an unlawful purpose or to accomplish a lawful

purpose by unlawful means.'"  *Chapman v. Newrez, LLC*, No. 21-cv-3711, 2023 WL 2247053,

at *3 (S.D. Tex. Feb. 27, 2023) (quoting *Anderson v. Bank of Am., N.A.*, 2014 WL 12587072, at

*5 (S.D. Tex. Jan. 27, 2014)), *adopted*, 2023 WL 2634050 (Mar. 23, 2023).  This requires more

than conclusory statements—it demands factual allegations of a "preconceived plan" or details

regarding when and where the defendants reached an agreement.  *United Buddhist Church of*

*Vietnam v. Unified Buddhist Church of Vietnam*, No. 17-cv-1433, 2019 WL 13252368, at *2

(S.D. Tex. Jan. 17, 2019) (quoting *Springboards to Educ., Inc. v. Kipp Found.*, 325 F. Supp. 3d

704, 718 (N.D. Tex. 2018)).

Ochoa's Complaint lacks such details.  He merely asserts that the Defendants "agreed to"

discriminate and retaliate against him.  Compl. ¶ 52.  This bare allegation, without supporting

facts, is insufficient to plausibly allege civil conspiracy.  Courts have rejected similarly

conclusory claims.  For example, in *Angel v. La Joya Independent School District*, the plaintiffs

alleged only that "[t]he Individual Defendant board members . . . met before the election and

decided to take the adverse employment action complained of herein," and that "Individual

Defendants, and others[,] reached an agreement to retaliate against the Plaintiffs for exercising

their rights of political affiliation."  717 F. App'x 372, 380 (5th Cir. 2017) (quoting the plaintiffs'

complaint).  The Fifth Circuit affirmed dismissal, holding these allegations too vague to establish

a meeting of the minds.  *Id.*  Other courts have reached similar conclusions with similar

allegations.  *See, e.g.*, *Chapman*, 2023 WL 2247053, at *3; *Unified Buddhist*, 2019 WL

13252368, at *2; *Deelen v. Klein Indep. Sch. Dist.*, No. 14-cv-923, 2015 WL 10767059, at *5

(S.D. Tex. Mar. 31, 2015), *aff'd sub nom. Van Deelen v. Cain*, 628 F. App'x 891 (5th Cir. 2015).

   Therefore, because Ochoa has not plausibly alleged a meeting of the minds, his

conspiracy claim is dismissed as to all Defendants.

   **C.     Leave to Amend**

   Finally, Ochoa requests that if any of his claims are dismissed, he is given leave to

amend.  Resp. Kirby 19; Resp. Bradfute 19–20.  Courts "should freely give leave [to amend]

when just so requires."  Fed. R. Civ. P. 15(a)(2).  But a court may deny leave to amend for any

"substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice,

or futility."  *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citing

*United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270–71 (5th Cir. 2010)).

Amendment is futile if any "amended complaint would fail to state a claim upon which relief

could be granted."  *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (collecting

cases).  Thus, the standard for whether amendment would be futile is "the same standard of legal

sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted).

The Court dismisses both Ochoa's fraud and conspiracy claims for failure to sufficiently allege all requisite elements. Because these defects are plausibly curable, the Court grants Ochoa leave to amend. *See, e.g.*, *Edwards v. Certain Underwriters at Lloyds*, No. 10-cv-3533, 2010 WL 5391275, at *3 (S.D. Tex. Dec. 20, 2010) (granting leave to amend fraud and related conspiracy claim to plead them with "sufficient particularity"); *Mae v. U.S. Prop. Sols., LLC*, No. 08-cv-3588, 2009 WL 1172711, at *4 (S.D. Tex. Apr. 28, 2009) (granting plaintiffs leave to amend where they "failed to plead their fraud claim with sufficient particularity").

However, to the extent Ochoa brings his retaliation and discrimination claims under the ADA and TCHRA against David Bradfute, individually, those claims are not plausibly curable. Neither statute permits individual liability, and courts thus dismiss such claims with prejudice. *See, e.g.*, *Brewer v. Lavoi Corp.*, No. 13-cv-4918, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014).

## III.    CONCLUSION

For the foregoing reasons, Kirby Opco LLC's Motion to Dismiss, ECF No. 14, and the Bradfute Defendants' Motion to Dismiss, ECF No. 17, are each **GRANTED** in part and **DENIED** in part. The Motions are **GRANTED** as to Ochoa's fraud and conspiracy claims, which are **DISMISSED** without prejudice. The Motions are **GRANTED** as to Ochoa's discrimination and retaliation claims against David Bradfute, which are **DISMISSED** with prejudice. The Motions are **DENIED** as to Ochoa's discrimination and retaliation claims against Kirby and Bradfute Enterprises, which remain pending.

**IT IS FURTHER ORDERED** that if Ochoa wishes to reassert his fraud and conspiracy claims, he may do so by filing an amended complaint by **no later than April 1, 2025**.

**SO ORDERED.**

SIGNED this 11th day of March, 2025.

_____
KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE